■ KAREN TURANO, Respondent, v CONSUMER'S CARPET WORKROOM CO., INC., et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated October 23, 1984, as denied the branch of the motion of defendant Richard E. De Luca which was to change the place of trial of the action from Kings County to Nassau County, in which the defendants Consumer's Carpet Workroom Co., Inc., and All Island Lease-A-Car, Inc., joined, and granted that branch of the cross motion of plaintiff Karen Turano which was to retain venue in Kings County.

Order reversed insofar as appealed from, with one bill of costs, that branch of the motion which was to change the place of trial to Nassau County granted and that branch of the cross motion which was to retain venue in Kings County denied.

This action arose from a motor vehicle accident which occurred on October 1, 1982 in the Village of Freeport, Nassau County. Plaintiff Karen Turano was a passenger in a motor vehicle operated by defendant Richard E. De Luca. That defendant's employer, defendant Consumer's Carpet Workroom Co., Inc. (hereinafter Consumer's Carpet), had leased the vehicle from defendant All Island Lease-A-Car, Inc. (hereinafter All Island).

The lessee of the vehicle, defendant Consumer's Carpet designated Kings County as the location of its principal office and forwarding address for service of process in its certificate of incorporation, filed with the Department of State.

Plaintiff, in her summons, designated Kings County as the place of trial upon the basis that that county was the place of residence of defendant Consumer's Carpet (CPLR 503 [c]). Defendant Richard E. De Luca subsequently moved, *inter alia,* to change venue from Kings County to Nassau County based upon CPLR 510 (3). Plaintiff Karen Turano cross-moved, *inter alia,* to retain venue in Kings County. Defendants Consumer's Carpet and All Island joined in the branch of defendant De Luca's motion which was to change venue.

We find, under the circumstances, that it was an improvident exercise of discretion for Special Term to deny that part of De Luca's motion which was to change venue and to grant that part of Turano's cross motion which was to retain venue.

The sole basis for the Kings County venue was the designation by defendant Consumer's Carpet of such county as the location of its principal place of business in its certificate of incorporation. We conclude that a change of venue to Nassau County is warranted. In addition to the facts that the accident occurred in Nassau County and was investigated by Nassau County police officers, the hospitals where the plaintiff was treated immediately after the accident and subsequent thereto are located in such county. Lazer, J. P., Thompson, Rubin and Kunzeman, JJ., concur.