■ STEVEN D'ARGENIO, Appellant, v MONROE RADIOLOGICAL ASSOCIATES, P. C., Respondent. (And Another Action.)

The defendant Monroe Radiological Associates, P. C., moved pursuant to CPLR 510 (3) to change the venue of these

consolidated medical malpractice actions from Suffolk County, where the plaintiff resides, to Monroe County, where the alleged malpractice occurred. Although the cause of action arose in Monroe County, the papers submitted in support of the application failed to establish that there were a majority of material nonparty witnesses whose convenience would be served by a change of venue (see, *Brevetti v Roth,* 114 AD2d 877; *Hurlbut v Whalen,* 58 AD2d 311). An affidavit for a change of venue based upon the convenience of material nonparty witnesses must contain, *inter alia,* the names and addresses of the prospective witnesses, a statement of what the party expects to prove by those witnesses, and the basis for the movant's belief as to what those witnesses will testify (*Hurlbut v Whalen, supra; see also, Thorner-Sidney Press v Merling Marx & Seidman,* 115 AD2d 328). The affidavit submitted at bar failed to provide anything other than vague details as to the identity and possible testimony of the nonparty witnesses who were members of the staff of the infirmary at the State University of New York College of Brockport, and since the only other witnesses referred to appear to be agents or employees of the other defendant, Lakeside Memorial Hospital, their convenience is not relevant to a determination of the motion (see, *Lundgren v Lovejoy, Wasson, Lundgren & Ashton,* 82 AD2d 912). Further, the fact that the medical records relating to the alleged malpractice are located in Monroe County demonstrates no real inconvenience since they could be mailed to the court (see, *Wecht v Glen Distribs. Co.,* 112 AD2d 891; *Stavredes v United Skates of Am.,* 87 AD2d 502). Nor do counsel's conclusory statements regarding calendar congestion in the two counties substantiate the claim that a trial could be had more swiftly in Monroe County. Although motions for a change of venue pursuant to CPLR 510 (3) are addressed to the discretion of the court, we find that the affidavits offered in support of the motion herein were legally insufficient to support an exercise of the court's discretion to change venue. Mangano, J. P., Bracken, Brown and Eiber, JJ., concur.