■ GLORIA GREEN, Appellant, v HERMAN S. SHORTTS et al., Respondents.—Order of the Supreme Court, Bronx County (Jack Turret, J.), entered on or about May 12, 1988, which granted defendants' motion for a change of venue, pursuant to CPLR 510 (3), and denied plaintiff's cross motion seeking to retain venue in Bronx County, unanimously reversed, on the

law, and defendants' motion for a change of venue denied, plaintiff's cross motion to retain venue in Bronx County granted, and venue restored to Bronx County, without costs.

As a result of an automobile accident in Mount Vernon, plaintiff, a Mount Vernon, Westchester, resident, brought this personal injury action against defendants Meyerson Bros., Inc. of New Rochelle, the owner of the offending vehicle, and Herman Shortts of The Bronx, the driver of the Meyerson vehicle. The basis for venue in Bronx County was the defendant Shortts' Bronx residence.

The motion for a change of venue from Bronx County to Westchester County was based on the fact that the cause of action arose in Westchester County and the plaintiff's medical records and treating physicians are located there, as is the defendant corporation. The only connection with Bronx County is the residence of the codefendant Shortts.

The general rule that a transitory action should be brought where the cause of action arose is predicated on the convenience of material witnesses. No showing was made that the requested change from The Bronx to Westchester would promote that end. Failing that, venue was properly placed in The Bronx where the codefendant lived. *(See, Morales v Muccio,* 145 AD2d 340 [decided herewith].)

While an argument could possibly be made that the balance of convenience might tilt toward a change of venue, it is more important to have some certainty in the result, and here venue was properly placed. There should be a more adequate basis for change than was shown here. Concur—Kupferman, J. P., Sullivan, Milonas, Ellerin and Wallach, JJ.