■ SUSAN D. MOGHAZEH, Appellant, v JORGE VALDES-RODRIGUEZ et al., Respondents.—Order, Supreme Court, Bronx County (Jack Turret, J.), entered on or about April 7, 1988, which granted defendants' motion for a change of venue to Warren County, unanimously reversed, on the law, the facts, and in the exercise of discretion, the motion denied, and venue restored to Bronx County, without costs.

On December 6, 1986, plaintiff, a passenger in an automobile owned by defendant Jorge Valdes-Rodriguez and operated by defendant Robert Valdes-Rodriguez, suffered serious injuries when the vehicle went off the road and struck an embankment. The accident occurred in Warren County, New York.

Plaintiff commenced the instant action by service of a summons and complaint on or about June 15, 1987, designating Bronx County as the place of venue, and citing her residence as the basis therefore. Defendants moved for a change of venue, initially to Westchester County, which they alleged was plaintiff's actual place of residence (CPLR 510 [1]), and subsequently to Warren County, asserting the convenience of material witnesses. (CPLR 510 [3].) This appeal challenges the grant of defendants' motion for a change of venue to Warren County.

In making its ruling, the trial court relied upon the general rule that, "all things being equal, a transitory action should be tried in the county in which the cause of action arose". *(McGuire v General Elec. Co.,* 117 AD2d 523.) As we have repeatedly held, however, this rule "is predicated on the convenience of material witnesses". *(Green v Shortts,* 145 AD2d 340, 341; *Morales v Muccio,* 145 AD2d 340; *Boriskin v Long Is. Jewish Hillside Med. Center,* 85 AD2d 523.) In the instant matter, defendants have failed to make a sufficient showing to justify a change of venue on this ground.

First, there were no witnesses to the accident, other than plaintiff and the defendant driver. Second, although plaintiff

was taken to a local hospital after the accident, she remained there only one day before being transferred to the Hospital for Joint Diseases in Manhattan, where she remained for 11 days. It was at this latter hospital that plaintiff received the major medical treatment for her injuries, including a spinal fusion with iliac bone graft, as well as a second surgical procedure. Upon discharge from the hospital, plaintiff continued to be treated by physicians whose offices are also located in New York City.

In support of their application for a change of venue to Warren County, on the basis of convenience to material witnesses, defendants state that "[police] officers witnessed the condition of the roadway where the accident occurred, the condition of the plaintiff and the vehicle involved in the accident". Defendants neither elaborate as to what the conditions alluded to were nor otherwise indicate how they may be material or relevant to the lawsuit. Similarly faulty is defendants' reliance upon the anticipated testimony of two civilian witnesses to the effect that, when they arrived, plaintiff was not wearing a seat belt, and was able to ambulate without assistance. This testimony offers no assistance with respect to whether the seat belt was in use at the time of the accident, and certainly cannot be accorded greater weight on the issue of plaintiff's physical condition than the medical testimony. Moreover, the testimony of these witnesses would, in any event, relate solely to damages, rather than liability. In light of all of these circumstances, the convenience of these two witnesses does not constitute an adequate basis for a change of venue. *(See, Wecht v Glen Distribs. Co.,* 112 AD2d 891; *Green v Shortts, supra.)* Nor does the unspecified testimony of unidentified members of an ambulance squad and an automobile towing service, also offered in support of the motion, provide a ground for this relief. *(Wecht v Glen Distribs. Co., supra,* at 893.)

Finally, we note that while the order appealed from granted defendants' motion pursuant to CPLR 510 (3), there is also no basis for a change of venue pursuant to CPLR 510 (1). Under CPLR 503 (a), a party may have two residences for venue purposes and, upon review of this record, we conclude that plaintiff adequately established residence in Bronx County. The choice of venue having been proper, and there being no other grounds for a change thereof, it was error for the court to have granted defendants' motion. *(Torriero v Austin Truck Rental,* 143 AD2d 595.) Concur—Murphy, P. J., Sullivan, Kassal, Ellerin and Smith, JJ.