■ CARL ANDROS, Respondent, v RICHARD J. RODERICK et al., Defendants, and GARY G. NELSON, Appellant.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered July 28, 1989 in Putnam County, which denied defendant Gary G. Nelson's motion for a change of venue.

Plaintiff commenced this action in Supreme Court, New York County, to recover for property damage alleged to have resulted from a five-vehicle accident which occurred in Putnam County. It is undisputed that no party to the action is a resident of this State, permitting plaintiff to select the county of venue *(see,* CPLR 503 [a]). Defendant Gary G. Nelson moved pursuant to CPLR 510 (3) for a discretionary change of venue to Putnam County. Supreme Court denied the motion and this appeal followed.

We affirm. The party moving for a change of venue under CPLR 510 (3) has the burden of proof and is required to supply the names, addresses and occupations of the witnesses whose convenience he claims will be affected, indicate that the prospective witnesses have been contacted and are willing to testify on his behalf and specify the substance of each witness's testimony, which must be necessary and material (see, Jansen v Bernhang, 149 AD2d 468, 469; Maynard v Oakes, 144 AD2d 229). Here, the papers submitted in support of the motion failed to fulfill these requirements. Notably, in no case is the substance of the witness's testimony indicated with sufficient particularity to permit a finding of necessity and materiality (see, Barney v Rochester Inst. of Technology, 105 AD2d 516). Thus, it has not been demonstrated that Supreme Court improvidently exercised its discretion in denying the motion.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.