■ J. Jay Stoyer, Appellant, v Thomas R. Feeney et al., Respondents.—Mercure, J. Appeal from an order of the Supreme Court (Williams, J.), entered May 16, 1989 in Sullivan County, which granted defendants' motion to change venue from Sullivan County to Kings County.

Plaintiff commenced this action in Sullivan County, seeking, *inter alia,* back rent for and alleged damages arising from defendant Thomas R. Feeney's deceased father's possession of real property in Kings County. Defendants answered, placing plaintiff's allegation that he was a resident of Sullivan County in issue, and thereafter moved pursuant to CPLR 510 and 511 to change the place of trial to Kings County. Supreme Court granted the motion. Plaintiff now appeals.

We reverse. Since Supreme Court did not conduct a hearing and determine that plaintiff was not a resident of Sullivan County *(see,* CPLR 510 [1]; 511 [b]), the sole basis for its order was that the convenience of material witnesses and the ends of justice would be promoted by the change *(see,* CPLR 510 [3]). It is well settled that an affidavit in support of a motion for a change of venue based upon the convenience of material nonparty witnesses must contain, *inter alia,* the names, addresses and occupations of the prospective witnesses, a statement of what the party expects to prove by those witnesses, and the basis for the moving party's belief that the witnesses will testify as stated *(D'Argenio v Monroe Radiological Assocs., 124 AD2d 541, 542; Hurlbut v Whalen,* 58 AD2d 311, 316, *lv denied* 43 NY2d 643). Moreover, the moving party is required to set forth the testimony each witness is expected to give in sufficient detail to enable the court to assess its materiality *(see, Andros v Roderick,* 162 AD2d 813; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C510:3, at 74-75). When examined within the context of the foregoing principles, it is our view that the papers submitted in support of the motion were insufficient to support an exercise of Supreme Court's discretion to change venue *(see, D'Argenio v Monroe Radiological Assocs., supra).*

Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.