■ ALICE CLARK, as Administratrix of the Estate of FLORENCE COYLE, Deceased, Respondent, v NEW ROCHELLE HOSPITAL MEDICAL CENTER et al., Appellants, et al., Defendant.—Order, Supreme Court, Bronx County (Jack Turret, J.), entered September 26, 1989, which denied defendants' motion for a change of venue from Bronx County to Westchester County, unanimously affirmed, with costs.

The IAS court did not abuse its discretion in denying defendants' motion for a change of venue from Bronx County to Westchester County. *(Paddock Constr. v Thomason Indus. Corp.,* 133 AD2d 20, 22.) Venue in the underlying wrongful death action was properly placed in Bronx County, where the Administratrix was appointed. (CPLR 503 [b]; *McNamara v Penner,* 123 NYS2d 576.)

Similarly, we find that the IAS Court did not abuse its discretion in determining that the defendants had failed to properly establish that a change of venue was warranted in the exercise of the Court's discretion for the convenience of material witnesses. (CPLR 510 [3]; *Rosa v Shavelson,* 149 AD2d 371.) Although, in general, a transitory action should be brought where the cause of action arose *(Moghazeh v Valdes-Rodriguez,* 151 AD2d 428), nevertheless, it is well settled that a motion for a change of venue under CPLR 510 (3) must be supported by a statement identifying the non-party witnesses expected to be called at trial, specifying the nature of their testimony and the manner in which they would be inconvenienced by having to testify in the county originally designated for trial, all of which movant failed to do. *(Coles v LaGuardia Med. Group,* 161 AD2d 166, 167.) Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Kassal, JJ.