SCHAPIRO & REICH, ESQS., Appellant, v JACOB D. FUCHSBERG, Respondent.—Order unanimously reversed on the law without costs and motion denied. Memorandum: Supreme Court improvidently exercised its discretion in granting defendant's motion seeking a change of venue pursuant to CPLR 510 (3) upon the ground that "the convenience of material witnesses and the ends of justice will be promoted by the change". The affidavits offered by defendant in support of his motion were legally insufficient to support the change of venue from Suffolk County to Westchester County. There is no showing that venue in Suffolk County would cause inconvenience to nonparty material witnesses and the convenience of the parties is not relevant unless the inconvenience relates to a party's health, a situation not argued here *(see, D'Argenio v Monroe Radiological Assocs.,* 124 AD2d 541, 542; *Messinger v Festa,* 94 AD2d 792). Additionally, the attorney's affirmation suggesting that there is less calendar congestion in Westchester County is equivocal and, under the circumstances pre-

sented here, is not a basis for granting a change of venue pursuant to CPLR 510 (3) *(see, A.M.I. Intl. v Gary Pool Sales & Serv.,* 94 AD2d 890, 891; *see also,* 7A Carmody-Wait 2d, NY Prac § 48:71, at 189).

Moreover, defendant is not entitled to an order changing venue as of right because Suffolk County is a proper county *(see,* CPLR 503 [d]; 510 [1]).

Accordingly, the order granting a change of venue is reversed and defendant's motion denied. Plaintiff's cross motion is not properly before us. (Appeal from Order of Supreme Court, Suffolk County, Jones, J.—Change of Venue.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.