■ ODETTE CROWELL, Appellant, v LONG ISLAND RAILROAD COMPANY et al., Respondents.—Order, Supreme Court, New York County (William J. Davis, J.), entered February 7, 1990, which, inter alia, granted defendants' motion to change venue of this action from New York to Suffolk County, unanimously affirmed, without costs.

Plaintiff commenced this action against both the Metropolitan Transportation Authority and the Long Island Railroad (LIRR) to recover for, inter alia, the wrongful death of plaintiff's decedent, who was struck and killed by a westbound LIRR train while crossing the tracks and property of the LIRR at the Kings Park station located in Suffolk County. The decedent's injuries and ultimate death are alleged to have resulted from the defendants' negligence in the design, operation, and construction of the Kings Park station, and in the operation of the locomotive which struck the decedent.

Defendants answered, and after discovery, moved for a

change of venue from New York to Suffolk County based on the convenience of material witnesses pursuant to CPLR 510 (3). The motion was supported by an attorney's affirmation setting forth the names of seventeen non-party witnesses, including members of the Suffolk County Police Department, emergency medical personnel, paramedics, and commuters who had witnessed the accident. The motion was granted, and plaintiff now appeals.

The IAS court did not abuse its discretion in granting defendants' motion for a change of venue. (CPLR 510 [3]; *cf., Rosa v Shavelson,* 149 AD2d 371.) The general rule that all things being equal, a transitory action should be tried in the county where the cause of action arose *(Moghazeh v Valdes-Rodriguez,* 151 AD2d 428), prevails here. Defendants sustained their burden of proof on the motion by specifying the witnesses affected, the nature of their testimony, and the inconvenience attendant upon trial in New York County *(see, Coles v LaGuardia Med. Group,* 161 AD2d 166). The fact that five of the witnesses work and commute to New York County does not *per force* indicate that the IAS court abused its discretion, since the court properly considered the interests of the remaining twelve witnesses. Nor, in view of defendants' diligent pursuit of discovery, during which facts indicating the necessity of a change of venue were developed, can it be said that the motion was not timely made. *(See, Boriskin v Long Is. Jewish-Hillside Med. Center,* 85 AD2d 523.)

We have considered the remaining arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Kassal and Rubin, JJ.