■ LOURDES CLINTON, Individually and as Administratrix of the Estate of KEVIN CLINTON, Deceased, and as Mother and Natural Guardian of KEVIN CLINTON, JR., an Infant, Appellant, v PATRICK GRIFFIN, Respondent.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered March 27, 1991, which granted defendant's motion to change the place of trial of this action from Bronx County to New York County pursuant to CPLR 510 (3) and order of the same court and Justice, entered May 15, 1991, which denied plaintiff's motion to reargue and renew, unanimously affirmed, without costs.

This is a medical malpractice action alleging defendant gastroenterologist failed to diagnose decedent's colon cancer in May 1987-January 1988, causing decedent's death in August 1988. Decedent and plaintiff had, in 1986, moved from New York County to Bronx County upon the birth of their son and venue was based upon such residency of plaintiff. Defendant's medical treatment of decedent occurred entirely in New York County, as did all other material medical treatment of decedent in his final illness. Decedent's mother and employer, who are likely to be material non-party witnesses, reside and/or are located in New York County.

In these circumstances, there was no abuse of discretion in

Supreme Court's grant of the motion for a change of venue *(Wecht v Glen Distribs. Co.,* 112 AD2d 891). "The general rule is that a transitory action, such as this, other things being equal, should be tried in the county in which the cause of action arose." *(Slavin v Whispell,* 5 AD2d 296, 297-298; *Seabrook v Good Samaritan Hosp.,* 58 AD2d 538.) This rule is predicated upon and requires a showing as to the convenience of material non-party witnesses *(Moghazeh v Valdes-Rodriguez,* 151 AD2d 428), and in this respect, defendant's showing was sufficient here. The residence of decedent and plaintiff does not warrant reversal in these circumstances. *(Toro v Gracin,* 148 AD2d 364.) Concur—Murphy, P. J., Carro, Rosenberger, Wallach and Ross, JJ.