■ CLARENCE H. ROOKWOOD, Respondent, v EVANGELOS ALEXIADIS, Appellant.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered June 20, 1991, which denied defendant's motion for a change of venue, affirmed, without costs.

Defendant seeks a change of venue on the ground that Bronx County, where the action was commenced, is not a proper county because plaintiff did not reside there at the time the action was commenced, and also on the ground that convenience of material witnesses would be promoted.

We agree with the IAS court that defendant failed to provide sufficient proof to controvert plaintiff's claim of a Bronx County residence. Defendant also failed to make the required showing to change venue on the ground of witnesses' convenience *(see, Andros v Roderick,* 162 AD2d 813). Concur—Sullivan, J. P., Milonas, Asch and Smith, JJ.

Kupferman, J., dissents in a motion as follows: I would grant the motion for a change of venue.

The accident occurred in Queens. The plaintiff's driver's license at that time listed an address in Mamaroneck and when the plaintiff went to a physician, the physician's record also listed Mamaroneck. The plaintiff's employer, the New York City Transit Authority, lists an address in Queens. When the plaintiff verified his complaint, he alleged he was a resident of Queens. However, the summons, which was prepared at a later date than the complaint, lists an address in the Bronx.

We have too often allowed the ploy of alleging jurisdiction in the Bronx in negligence matters.