■ STEPHEN RYAN, Respondent, v GENOVESE PHARMACY et al., Appellants.—In an action to recover damages for personal injuries, the defendant Joseph DiTolla appeals from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated August 15, 1990, as denied his motion for a change of venue from Queens County to Suffolk County, and the defendant Genovese Pharmacy separately appeals from so much of the same order as denied its cross motion for the same relief.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

To the extent that the motion and cross motion for a change of venue were premised upon CPLR 510 (1), they were without merit, since the designated place of trial selected by the plaintiff was proper under CPLR 503 (a).

Moreover, contrary to the appellants' contentions, the Supreme Court did not improvidently exercise its discretion in denying a change of the venue of this action from Queens County to Suffolk County on the ground that the convenience of material witnesses and the ends of justice would be promoted (see, CPLR 510 [3]). On a motion made pursuant to CPLR 510 (3), " ' "the movant must supply the names, addresses and occupations of the witness whose convenience * * * will be affected; indicate that [the] prospective witnesses have been contacted and are willing to testify * * * and specify the substance of each witness's testimony, which must be necessary and material upon the trial of the action" ' " (Johnson v Greater N. Y. Conference of Seventh Day Adventist Church, 181 AD2d 862, 863, quoting Shavaknbeyn v Starrett

*City,* 161 AD2d 626; *Alexandre v Pepsi-Cola Bottling Co.,* 150 AD2d 742). The papers submitted on the motion, and the papers filed on the cross motion for the same relief, fail to set forth the necessary criteria for a change of venue pursuant to CPLR 510 (3).

Accordingly, under these circumstances, the motion and cross motion for a change of venue from Queens County to Suffolk County were properly denied. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.