(September 20, 1993)

■ LETIZIA BASILE et al., Appellants, v GRAND UNION Co., Respondent. [602 NYS2d 30] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Copertino, J.), dated July 1, 1991, which granted the defendant's motion for change of venue.

Ordered that the order is affirmed, with costs.

We agree with the plaintiffs' contention that the papers submitted in support of the defendant's motion to change venue from Suffolk County to Otsego County on the ground that the convenience of material witnesses and the ends of justice would be promoted were insufficient *(see, Ryan v Genovese Pharmacy,* 184 AD2d 628; CPLR 510 [3]). The defendant also claimed that Suffolk County was not a proper place of trial, but did so for the first time in its reply to the plaintiffs' affirmation in opposition to the motion. However, the plaintiffs availed themselves of an opportunity to oppose this claim in their surreply. Thus, review of this claim on the merits is proper *(see, Fiore v Oakwood Plaza Shopping Ctr.,* 164 AD2d 737, *affd* 78 NY2d 572, *cert denied* — US —, 113 S Ct 75). Under the facts of this case, we find that Suffolk County was not a proper venue *(see,* CPLR 503 [a]). Bracken, J. P., Balletta, Eiber, O'Brien and Pizzuto, JJ., concur.