■ JOSEPH RODRIGUEZ et al., Appellants, v CHRISTOPHER J. WILSON, Respondent, et al., Defendant. [608 NYS2d 250] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Golden, J.), dated November 13, 1991, which granted the respondent's motion to change the place of venue from Kings County to Nassau County.

Ordered that the order is affirmed, with costs.

It is well settled that a motion for a change of venue under CPLR 510 is addressed to the sound discretion of the trial

court *(see, Panicello v Panicello,* 73 AD2d 595). Contrary to the plaintiffs' contentions, we find that the court herein did not act improvidently in granting the respondent's motion for a change of venue.

As a general rule, "all other things being equal, a transitory action should be tried in the county in which the claim arose, absent cogent reasons warranting trial elsewhere" *(Creed v United Hosp.,* 158 AD2d 654, 655; *Katz v Goodyear Tire & Rubber Co.,* 116 AD2d 506, 507). Here, the infant plaintiff, a resident of Nassau County, was struck by a motor vehicle being driven by the respondent, also a Nassau County resident, at an intersection located within Nassau County. The accident was investigated by the Nassau County Police Department, and the infant plaintiff was treated at the Nassau County Medical Center. In addition, both the nonparty eyewitnesses to the accident are Nassau County residents. Under these circumstances, the court properly changed the venue of the action to Nassau County *(see, Turano v Consumer's Carpet Workroom Co.,* 112 AD2d 365; *Burch v Phillips,* 88 AD2d 896).

In any event, we note that the plaintiffs' commencement of this action in Kings County on the basis that Kings County was the residence of the codefendant Lease Plan USA, Inc. (hereinafter Lease Plan), was improper. That Lease Plan maintained an office in Kings County was insufficient to set venue there since there was no evidence that Kings County was Lease Plan's "principal office", as required by CPLR 503 (a) and (c) *(see, DeRosa v U.S. Dredging Corp.,* 166 AD2d 500; *see also, United Credit Corp. v Le Roy Adventures,* 61 AD2d 742). Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.