■ LEO ERSKINE et al., Respondents, v BURKE SCAFFOLDING CORP. et al., Appellants. (And a Third-Party Action.) [608 NYS2d 519] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Golden, J.), dated January 13, 1992, which denied their motion for a change of venue pursuant to CPLR 510 (3) from Kings County to Richmond County.

Ordered that the order is affirmed, with costs.

The defendants did not identify their witnesses who allegedly would be inconvenienced, their willingness to testify, and the nature of their anticipated testimony. Accordingly, they failed to satisfy their burden of establishing a basis for a change of venue pursuant to CPLR 510 (3) *(see, Alexandre v Pepsi-Cola Bottling Co.,* 150 AD2d 742). Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.

■ EVERYTHING DISCOUNT, INC., Respondent, v GRAHAM RAFLICO ASSOCIATES, INC., et al., Appellants. [609 NYS2d 857] —In an action to recover damages for damage to property and loss of business, the defendants appeal from an order of the Supreme Court, Kings County (Golden, J.), dated January 17, 1992, which granted the plaintiff's motion for leave to amend the complaint pursuant to CPLR 3025 (b).

Ordered that the order is affirmed, with costs.

The trial court properly exercised its discretion in granting the plaintiff leave to amend its complaint to include demands for punitive damages. Contrary to the defendants' contention, the amended complaint does not improperly set forth independent causes of action for punitive damages *(see, Laufer v Rothschild, Unterberg, Towbin,* 143 AD2d 732, 734; *cf., Tate v Metropolitan Life Ins. Co.,* 186 AD2d 859; *Fiesel v Nanuet Props. Corp.,* 125 AD2d 292). Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.