[622 NYS2d 284]

DEIRDRE A. O'BRIEN, Appellant, v VASSAR BROTHERS HOSPITAL et al., Respondents.

Second Department, January 17, 1995

APPEARANCES OF COUNSEL

*Fisher, Fallon, Salerno, Betlesky & Kelly,* New York City *(Edward P. Kelly* and *Kathleen Whelan* of counsel), for appellant.

*O'Connor, McGuinness, Conte, Doyle, Oleson & Collins,* White Plains *(Montgomery L. Effinger* of counsel), for Vassar Brothers Hospital and another, respondents.

*Martin, Clearwater & Bell,* New York City *(Patricia D'Alvia* of counsel), for Norman E. Watt, respondent.

## OPINION OF THE COURT

BRACKEN, J. P.

In this appeal, we reaffirm our previous holdings that, in all actions, including those which may be defined as transitory, where venue has been properly designated by the plaintiff based on the residence of either party *(see,* CPLR 503, 509) a discretionary change of venue should be granted based on the convenience of witnesses *(see,* CPLR 510 [3]) only after there has been a detailed evidentiary showing that the convenience of nonparty witnesses would in fact be served by the granting of such relief. Such a showing was not made in this case, and we therefore reverse.

Since the plaintiff resided in Queens County at the time that the present action was commenced, she properly designated Queens County as the place for trial in accordance with CPLR 503 (a) *(see, e.g., Jonas Equities v 614 E. 14th St. Realty Corp.,* 282 App Div 773)*.* Pursuant to CPLR 509, Queens County should be the place of trial in the absence of a change of venue accomplished by consent *(see,* CPLR 511 [b]) or by order *(see,* CPLR 510, 511). In the present case, the defendants argue that a change of venue is warranted pursuant to the terms of CPLR 510 (3).

CPLR 510 (3) states that "[t]he court, upon motion, may change the place of trial of an action where * * * the convenience of material witnesses and the ends of justice will be promoted by the change". As suggested by the language of this statute, the decision of whether to grant a change of venue based on the convenience of material witnesses is discretionary *(see, e.g., Pittman v Maher,* 202 AD2d 172; *Rodriguez v Wilson,* 201 AD2d 636; *Morales v City of New York,* 189 AD2d 581; *Gladstone v Syvertson,* 186 AD2d 400; *McMurray v Kiamesha Concord,* 178 AD2d 825; *Costanzo v Cornell,* 175 AD2d 696; *Morris v Halik,* 172 AD2d 502; *Andros v Roderick,* 162 AD2d 813; *McAdoo v Levinson,* 143 AD2d 819; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 510.11).

In light of the discretionary nature of the relief authorized by CPLR 510 (3), it might be thought that corrective action on appeal would be warranted only in those cases where the Supreme Court committed an abuse of discretion, and there are passages from Appellate Division decisions which could be cited for the proposition that this is indeed the correct standard of review *(see, e.g., Clinton v Griffin,* 176 AD2d 501; *Ross v Mobil Oil Corp.,* 173 AD2d 361; *Lalka v Massafra,* 167 AD2d 265; *McAdoo v Levinson, supra; Tomao v Colgate Univ.,* 143 AD2d 745; *McDonald v Southhampton Hosp.,* 133 AD2d 814; *O'Neil v Peekskill Faculty Assn.,* 118 AD2d 690 [applying abuse of discretion standard]). However, considering that this Court "is vested with the same power and discretion as the court at Special Term possesses" *(Phoenix Mut. Life Ins. Co. v Conway,* 11 NY2d 367, 370; *see also, Matter of Attorney-General of State of N. Y. v Katz,* 55 NY2d 1015; *Wyda v Makita Elec. Works,* 162 AD2d 133; *Van Dussen-Storto Motor Inn v Rochester Tel. Corp.,* 63 AD2d 244; 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5501.22), it is clear that there is in fact no such limitation on this Court's power of review, and that a de novo review of the facts, and

an independent exercise of our own discretion are not only permitted, but required. In short, the standard is not whether the Supreme Court abused its discretion, but instead, whether such discretion was exercised in a provident manner *(see, e.g., Rodriguez v Wilson, supra; Ryan v Genovese Pharmacy,* 184 AD2d 628; *Johnson v Greater N. Y. Conference of Seventh Day Adventist Church,* 181 AD2d 862; *Morris v Halik, supra; Filler v Cornell Univ.,* 147 AD2d 610; *Thomas v Small,* 121 AD2d 622; *Messinger v Festa,* 94 AD2d 792).

A review of the case law decided with reference to CPLR 510 (3) and its antecedents establishes that there is a general consensus among appellate courts as to the existence, if not as to the absolute rigidity and inexorability, of four criteria which should be established by the movant in order to demonstrate his or her entitlement to relief pursuant to CPLR 510 (3). The elements to be shown are as follows:

First, "[t]he affidavit in support of a motion under this section must contain * * * the names, addresses and occupations of the prospective witnesses" *(Hurlbut v Whalen,* 58 AD2d 311, 316; *see also, Fireman's Ins. Co. v Doyle Group,* 189 AD2d 711 [names and addresses]; *Quick Constr. Corp. v Loribeth Theatres,* 186 AD2d 546; *Ryan v Genovese Pharmacy, supra; Johnson v Greater N. Y. Conference of Seventh Day Adventist Church, supra; Culhane v Jensen,* 179 AD2d 582; *Levenstein v Parks,* 163 AD2d 367; *Rodriguez v St. Paul's Catholic Church,* 162 AD2d 1017; *Andros v Roderick, supra; Timber Hill Assocs. v Shultis,* 157 AD2d 579; *Jansen v Bernhang,* 149 AD2d 468; *Thomas v Small, supra; Morris Elecs. v Stereo E. Devs.,* 71 AD2d 1061; *McDermott v McDermott,* 267 App Div 171).

Second, a party seeking a change of venue for the convenience of witnesses is also required to disclose the facts to which the proposed witnesses will testify at the trial, so that the court may judge whether the proposed evidence of the witnesses is necessary and material *(see, Gray v Good,* 203 AD2d 422; *Erskine v Burke Scaffolding Corp.,* 202 AD2d 389; *Tricarico v Cerasuolo,* 199 AD2d 142; *Molod v Amundsen,* 194 AD2d 429; *Ryan v Genovese Pharmacy, supra; Johnson v Greater N. Y. Conference of Seventh Day Adventist Church, supra; Cardona v Aggressive Heating,* 180 AD2d 572; *Culhane v Jensen, supra; Pantoja v Held,* 172 AD2d 599; *Alexandre v Pepsi-Cola Bottling Co.,* 150 AD2d 742; *Greene v Hillcrest Gen. Hosp.,* 130 AD2d 621; *Merrill v City of New York,* 16 AD2d 1004; *McDermott v McDermott, supra).*

Third, the moving party must show that the witnesses for whose convenience a change of venue is sought are in fact willing to testify *(see, e.g., Gray v Good, supra; Erskine v Burke Scaffolding Corp., supra; Tricarico v Cerasuolo, supra; Quick Constr. Corp. v Loribeth Theatres,* 186 AD2d 546, *supra; Ryan v Genovese Pharmacy, supra; Johnson v Greater N. Y. Conference of Seventh Day Adventist Church, supra; Cardona v Aggressive Heating, supra; Culhane v Jensen, supra; Simeti v Smithtown Fairfield Condominium,* 172 AD2d 513; *Pantoja v Held, supra; Aviles v CYO Whitestone Swimming Pool,* 168 AD2d 405; *Andros v Roderick,* 162 AD2d 813; *Radatron, Inc. v Z.Z. Auto Tel.,* 30 AD2d 760, 761; *Schwartz v Wilbur,* 211 App Div 806).

Fourth, there must be a showing as to how the witnesses in question would in fact be inconvenienced in the event a change of venue were not granted *(see, e.g., Pittman v Maher,* 202 AD2d 172, *supra; Molod v Amundsen,* 194 AD2d 429, *supra; Maynard v Elrond Realty Corp.,* 170 AD2d 401; *Clark v New Rochelle Hosp. Med. Ctr.,* 170 AD2d 271; *Wilkins v Cohen,* 169 AD2d 476; *Frey v Fun Tyme Ski Shop,* 163 AD2d 11; *Feldman v North Shore Univ. Hosp.,* 157 AD2d 831; *Firoozan v Key Food Supermarket,* 151 AD2d 334; *Losicco v Gardner's Vil.,* 97 AD2d 535).

In the present case, defense counsel named no witnesses at all; the defendants themselves are not witnesses for the purpose of deciding a motion pursuant to CPLR 510 (3) *(see, Schapiro & Reich v Fuchsberg,* 172 AD2d 1080; *D'Argenio v Monroe Radiological Assocs.,* 124 AD2d 541; *Hirsch v Canoha Transp.,* 124 AD2d 440; *A.M.I. Intl. v Gary Pool Sales & Serv.,* 94 AD2d 890). The defendants really make no attempt to satisfy the above criteria. Instead, they argue that because the plaintiff's action is transitory (that is, it does not affect or involve real estate or chattel), venue of the action should be placed in the county in which the plaintiff's cause of action accrued. We disagree.

There is, we acknowledge, a line of cases in which there appear statements to the effect that "[a]bsent 'cogent reasons' to direct otherwise, the venue of a transitory action should be the county where the cause of action arose" *(Caro v Frasca,* 197 AD2d 657, quoting *German v Swendsen,* 112 AD2d 139, 140; *see also, Brunner v Joubert,* 118 AD2d 424; *Chiappa v Macaluso,* 96 AD2d 895; *Chung v Kivell,* 57 AD2d 790). A parallel line of cases contains statements to the effect that all

" 'other things being equal, a transitory action should be tried in the county where the cause of action arose' " *(Torres v Larsen,* 195 AD2d 285, 287, quoting *Risoli v Long Is. Light. Co.,* 138 AD2d 316, 318; *see also, Clinton v Griffin,* 176 AD2d 501; *Creed v United Hosp.,* 158 AD2d 654; *Moghazeh v Valdes-Rodriguez,* 151 AD2d 428; *McDonald v Southhampton Hosp.,* 133 AD2d 814, *supra; Bohlen Indus. v Flint Oil & Gas,* 95 AD2d 753; *Seabrook v Good Samaritan Hosp.,* 58 AD2d 538; *Hoffner v Morf,* 59 AD2d 755). In our opinion, these statements do not authorize an inversion of the burden of proving that the convenience of witnesses will in fact be served by a discretionary change of venue. Such statements should not be taken as negating the requirement that the movant furnish a detailed affidavit, setting forth the information outlined above, in all cases, including transitory ones, where a discretionary change of venue is sought. Instead, these statements define the standard to be applied in deciding a motion based on CPLR 510 (3), only after the requisites outlined above have been met *(see, e.g., Crowell v Long Is. R. R. Co.,* 173 AD2d 176; *Clark v New Rochelle Hosp. Med. Ctr.,* 170 AD2d 271, *supra; Chimarios v Duhl,* 152 AD2d 508; *Mayer v Fleischner,* 92 AD2d 463; *Boriskin v Long Is. Jewish-Hillside Med. Ctr.,* 85 AD2d 523).

No distinction between "transitory" actions, on the one hand, and "local" actions, on the other, appears in CPLR 510, the statute which defines the grounds which may properly serve as the basis for a nonconsensual change of venue to a county different from that properly designated by the plaintiff *(see,* CPLR 503 [a]; 509). In fact, no such distinction appears anywhere in CPLR article 5. The CPLR provides that the venue of actions affecting title to, or the possession, use or enjoyment of, real property, must be placed in the county where the property is located *(see,* CPLR 507), and that the venue of replevin actions may be placed in the county where the chattel is located *(see,* CPLR 508); otherwise, the general rule is that venue will be placed in the county of residence of one of the parties *(see,* CPLR 503). To this extent, the transitory versus local distinction casts a shadow over contemporary statutory law. This shadow has, however, been magnified to an unwarranted extent by the series of cases noted above which can be read, or rather, misread as creating a presumption that, in transitory actions venue should be placed in the county where the plaintiff's cause of action accrued.

It may well be that, in a typical case, most of the nonparty

witnesses to the events underlying a transitory cause of action will in fact reside in the county where the cause of action accrued, but this is not to be presumed. The transitory or local nature of the plaintiff's cause of action should not, in our view, be decisive in the context of a motion for a discretionary change of venue. Instead, we believe that in all actions, whether transitory or local, a discretionary change in venue pursuant to CPLR 510 (3) should be granted only upon the basis of a showing required by the above criteria.

BALLETTA, RITTER and PIZZUTO, JJ., concur.

Ordered that the appeal from the order entered March 26, 1993 is dismissed, as that order was superseded by the order entered July 29, 1993, made upon reargument; and it is further,

Ordered that the order entered July 29, 1993 is reversed insofar as appealed from, as a matter of discretion, the order dated March 26, 1993 is vacated, and the defendants' motions are denied; and it is further,

Ordered that the plaintiff is awarded one bill of costs, payable by the respondents appearing separately and filing separate briefs.