■ PERLINN PENN, Respondent, v NORTH SHORE UNIVERSITY HOSPITAL-GLEN COVE et al., Appellants, et al., Defendant. [665 NYS2d 574] —In an action to recover damages for medical malpractice, the defendant North Shore University Hospital-Glen Cove appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated January 27, 1997, as denied its motion for an order changing the venue of the action from Queens County to Nassau County, and the defendants Joel Greenspan, M.D., and David Brieff, M.D., appeal from the same order.

Ordered that the appeal by the defendants Joel Greenspan, M.D., and David Brieff, M.D., is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and is further,

Ordered that the order is affirmed insofar as appealed from by the defendant North Shore University Hospital-Glen Cove; and it is further,

Ordered that the plaintiff is awarded one bill of costs, pay-

able by the defendant North Shore University Hospital-Glen Cove.

The appellant North Shore University Hospital-Glen Cove (hereinafter North Shore) has failed to disprove the plaintiff's sworn statement that he resided in Queens County at the time he commenced this action.

Furthermore, North Shore has failed to establish that the venue of this action should be changed to Nassau County based on the convenience of material witnesses (see, O'Brien v Vassar Bros. Hosp., 207 AD2d 169; CPLR 510 [3]). Bracken, J. P., Pizzuto, Altman, Krausman and Lerner, JJ., concur.