■ ANDREW ROBERTO, Respondent, v M.C. AND E.D. BECK, INC., Doing Business as P & G's RESTAURANT, et al., Appellants, et al., Defendant. [678 NYS2d 774] —In an action to recover damages for personal injuries, the defendants M.C. and E.D. Beck, Inc., d/b/a P & G's Restaurant, and Michael C. Beck appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated October 22, 1997, as denied their motion to transfer the venue of the action to Ulster County.

Ordered that the order is affirmed insofar as appealed from, with costs.

In July 1994, the plaintiff commenced this action in Supreme Court, Queens County, where he resided, to recover damages for injuries he sustained as the result of an alleged assault by an employee of the defendant M.C. and E.D. Beck, Inc., d/b/a P

& G's Restaurant, located in Ulster County. In December 1996, the plaintiff filed a note of issue, certifying that discovery was completed, and the case was ready for trial.

By order dated February 27, 1997, the action was stricken from the trial calendar, the plaintiff was directed to provide additional medical authorizations, and the appellants were directed to schedule a physical examination of the plaintiff within 45 days.

By notice of motion dated August 12, 1997, the appellants moved for a change of venue from Queens County to Ulster County pursuant to CPLR 510 (3), on the ground that the "convenience of material witnesses and the ends of justice would be promoted by the change". In support of their motion, they submitted the affidavits of two potential nonparty witnesses for the defense, one of whom lived and worked in Ulster County, and one of whom lived in Orange County and spent much of his time at school in Brookline, Massachusetts. The defendant Michael C. Beck also submitted an affidavit stating he lived and worked in Ulster County. However, the defendant Michael C. Beck is not a witness for the purpose of deciding a motion pursuant to CPLR 510 (3) (*see, O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 173).

The plaintiff, in opposition, argued that the motion was untimely pursuant to CPLR 511 (a), which provides that a motion for a change of venue on such grounds "shall be made within a reasonable time after commencement of the action". He also submitted the affidavits of two nonparty witnesses, one of whom resided in New York County and stated that it would be inconvenient to travel to Ulster County. The other nonparty witness resided in Ulster County, but stated that it would not be inconvenient for him to travel to Queens County. The plaintiff further noted that most of his treating physicians had offices in New York County.

The appellants proffer no excuse for their three-year delay in moving for a change of venue. The trial court, in its discretion, may grant a change of venue if the delay is "outweighed by the factors favoring the transfer" (*Gennaro v Grossfeld*, 186 AD2d 718). However, in this case, the appellants failed to meet that burden. On this record, it cannot be said that the trial court improvidently exercised its discretion when it denied the appellants' motion (*see, Frey v Fun Tyme Ski Shop*, 163 AD2d 11). Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.