■ Dora Glotzer, Appellant, v Dan Finkle et al., Respondents. [679 NYS2d 36] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered September 18, 1997, which granted defendants' motion for a change of venue to Schenectady County, unanimously affirmed, without costs.

The motion court's finding that plaintiff did not reside in Bronx County at the time she commenced this action is fully supported by the record, which contains the affidavit of one of the defendants stating that plaintiff, her grandmother, had moved to Florida from the Bronx more than two years before commencement of the action, and does not contain any contemporaneous documentary evidence, or even an affidavit by plaintiff or any other person having knowledge, showing that plaintiff was residing in the Bronx at the time she commenced the action. Ample opportunity was given plaintiff to adduce proof on the issue of her residence, and no reasons are given why she did not. Accordingly, Schenectady County, the only county in the State in which any of the parties resided when the action was commenced, was the proper venue under CPLR 503 (a). Pursuant to CPLR 2001, the demand to change venue served with the answer, which incorrectly identified Albany County as the proper venue although it correctly stated that defendants resided in Schenectady County, is deemed corrected nunc pro tunc to seek a change of venue to Schenectady County. The error was apparent from the face of the demand, and plaintiff was at all times aware that defendants resided in

Schenectady County. Concur—Rosenberger, J. P., Ellerin, Nardelli and Williams, JJ.