■ John W. Shedrick et al., Respondents, v Asplundh Tree Expert Co. et al., Appellants. [717 NYS2d 559] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered January 21, 2000, which denied defendants' motion to change the venue of this action to Suffolk County, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted.

CPLR 510 (3) provides for a discretionary change of venue where "the convenience of material witnesses and the ends of justice will be promoted by the change." (*See, Boral v Clarkson Univ.*, 270 AD2d 776; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169.)

In the matter before us, it is undisputed that the accident, which involved a car owned by plaintiff Jeannette W. Shedrick and operated by plaintiff John W. Shedrick with a truck owned by defendant Asplundh Tree Expert Co. and driven by defendant Richard W. Ellensohn, occurred in Brentwood, Suffolk County; that plaintiffs and Ellensohn reside in Suffolk County; that plaintiffs were treated at hospitals in that County; that the Suffolk County Police Department responded to and investigated the accident; and that plaintiffs' treating physicians, physical therapists and other, delineated potential expert witnesses all maintain Suffolk County addresses. Indeed, the only connection whatsoever that this action has with New York County is that Asplundh, a Pennsylvania corporation, designated a New York County address with the Secretary of State for the purpose of service of process. We, therefore, conclude that the convenience of the witnesses would best be served but

that the balance of factors weighs heavily in favor of placing this action in Suffolk County and that the motion court improvidently exercised its discretion when it denied defendants' motion (*Lloyd v National Propane Corp.*, 271 AD2d 202; *Neos v Crabby Joe's,* 241 AD2d 337). Concur—Nardelli, J. P., Williams, Ellerin, Lerner and Rubin, JJ.