■ AMARGEET WADHWA et al., Appellants, v LONG ISLAND RAIL ROAD, Respondent. [753 NYS2d 386] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Schmidt, J.), dated April 2, 2002, which granted the defendant's motion pursuant to CPLR 505 (a), 510 (3), and 511 (b) to transfer the venue of this action from Queens County to Suffolk County.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the Clerk of the Supreme Court, Suffolk County, is directed to deliver to the Clerk of the Supreme Court, Queens County, all papers filed in the action and all minutes and entries (see CPLR 511 [d]).

The defendant admitted in its answer that its principal place of business was located in Queens County. Therefore, the plaintiff's designation of Queens County as the venue for trial was proper (see CPLR 505 [a]; 511 [b]). The defendant failed to establish the criteria needed to obtain relief pursuant to CPLR 510 (3) (see *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169). Santucci, J.P., Smith, Goldstein, H. Miller and Mastro, JJ., concur.