Jason v Dumel (2004 NY Slip Op 50329(U))

[*1]

Jason v Dumel

2004 NY Slip Op 50329(U)

Decided on April 20, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 20, 2004

Supreme Court, Kings County
 JEAN JASON, LOUIS PLACIDE, and MYRLENE LAURINCE, Plaintiffs,
against
JEAN J. DUMEL, EDWIN DUMEL, JUAN A. HILARIO, and JOHN E. SANFORD, Defendants.
Index No. 15199/02

Defendants: Jean J. Dumel & Edwin Dumel: Alana J. Szemer, Two Rector Street, 22nd floor, NY, NY 10006 212-766-1888
Plaintiffs: Steven L. Rosenberg, Esq., Steven J. Kaye Associates, P.C., 26 Court Street, Suite 409, Brooklyn, NY 11242 718-222-1000

Francois Rivera, J.
Defendants Jean J. Dumel and Edwin Dumel move for an order pursuant to CPLR '510 changing the place of trial of this action from Kings County to Rockland County Supreme Court. Plaintiffs oppose the motion and cross-move for sanctions pursuant to NYCR '130-1.1 contending that defendants' motion is frivolous. Defendants also request that should their motion be denied, that it be without prejudice to renew after completion of discovery.
Plaintiffs' personal injury action is based on a motor vehicle accident that occurred on May 18, 1999, on North Cole Avenue in the town of Ramapo, Rockland County, State of New York. Plaintiffs commenced the action by filing a summons and complaint dated April 1, 2002. On September 17, 2003, the defendants served an answer and a demand for a change of venue to Rockland County. Plaintiffs Louis Placide and Myrlene Laurence reside in Kings County and plaintiff Jean Jason and all the defendants reside in Rockland County.
Defendants allege that the police officers who completed the police reports of the accident are based in Rockland County and are indispensable non-party witnesses. Defendants' motion papers neither names the officers nor annexes their reports. Defendants further contend that discovery will inevitably reveal that the plaintiffs received medical treatment from physicians and at hospitals located in Rockland County. They describe these yet unnamed health care professionals as material witnesses and likely residents of Rockland County.
CPLR ' 501 through 508 generally sets forth the rules governing the correct choice of the place of trial. CPLR '503, captioned "venue based on residence", set forth the rules governing venue for different causes of action based on the residences of the parties. CPLR ' 510 sets forth the grounds for changing the place of trial and ' 511 sets forth the procedure for seeking the change. The place of trial or venue means the geographical subdivision in which an action may be brought and assumes that the chosen court already has both subject matter and personal jurisdiction.
A motion to change venue pursuant to CPLR ' 510(1) is premised on a claim that the venue chosen is improper. Its review requires that the court identify the underlying cause of [*2]action within one of four categories. The first is actions affecting interest in real property, known as local actions. The second is all other actions, popularly known as transitory actions. The third is an action to recover a chattel which the parties may elect to treat as local or transitory. The fourth is actions where the parties have contracted to a choice of venue, whether the action has been treated as local or transitory.
The case at bar is an action for personal injuries caused by an automobile accident and is therefore transitory in nature and governed by CPLR '503(a).
CPLR '503(a) provides: Except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced; or, if none of the parties then resided in the state, in any county designated by the plaintiff. A party resident in more than one county shall be deemed a resident of each such county.
Actions brought in the wrong county contrary to CPLR '503(a) may be changed as of right. A defendant=s desire for a change of venue as of right must be commenced by first issuing a demand upon the plaintiff and absent acquiescence by plaintiff, by a motion filed with the court pursuant to CPLR ' 511(b).
CPLR ' 511 (b) provides: Demand for change of place of trial upon ground of improper venue, where motion made. The defendant shall serve a written demand that the action be tried in a county he specifies as proper. Thereafter the defendant may move to change the place of trial within fifteen days after service of the demand, unless within five days after such service plaintiff serves a written consent to change the place of trial to that specified by the defendant. Defendant may notice such motion to be heard as if the action were pending in the county he specified, unless plaintiff within five days after service of the demand serves an affidavit showing either that the county specified by the defendant is not proper or that the county designated by him is proper.
CPLR '510 provides three grounds for changing the place of trial of an action. The court may change the place of trial because the county designated for that purpose is not a proper county; or there is reason to believe that an impartial trial cannot be had in the proper county; or
the convenience of material witnesses and the ends of justice will be promoted by the change. Only the first ground is considered a change as of right. The latter two grounds are discretionary (Morale v. La Grange Inn, Inc., 160 A.D.2d 783 [2nd Dept. 1990]; see also, O'Brien v. Vassar Brothers Hospital, 207 A.D.2d 169, 171 [2nd Dept., 1995]).
Defendants used the procedural vehicle of CPLR 511(b) by first serving the plaintiffs with a demand to change venue along with their answer and forwarding a proposed stipulation to consent to the change. Defendants' motion papers seek a change of venue as of right by alleging that Kings County is an improper choice. However, inasmuch as at least one plaintiff resides in Kings County, the selection of Kings County Supreme Court as the place for trial was proper and in accordance with CPLR 503(a). Defendants' contention to the contrary is erroneous and consequently defendants may not seek a change of venue as of right.
Although defendants' motion papers seek a change of venue as of right, it offers arguments addressing the convenience of nonparty witnesses to support the application pursuant to CPLR '510 (3). "There is a sharp difference in procedure between a motion to change venue as a matter of Aright@ and one to change venue in the discretion of the court. To change venue as a matter of right, the defendant must first serve a demand in accordance with subdivision (b) of CPLR 511. To change venue in the discretion of the court (under CPLR '510(2) or (3)), no demand is made." (McKinney's Practice Commentary, CPLR, '511:1).
[*3]
Pursuant to CPLR §2001, the court will deem defendants' motion for a change of venue as of right to be based on CPLR '510 (3), namely, the convenience of material witnesses. Since both sides are aware that two of the plaintiffs reside in Kings County and the intended ground is apparent from the language of the pleadings, this will cause no prejudice to the plaintiffs (Glotzer v. Finkle 254 AD 2d 142 [1st Dept 1998]).
Generally speaking, all other things being equal, a transitory action should be tried in the county in which the claim arose, absent cogent reasons warranting trial elsewhere (Rodriguez v. Wilson, 201 A.D.2d 636, 637 [2nd Dept. 1994]). A party seeking a discretionary change of venue based on CPLR '510(3) must satisfy four requirements for proper entertainment of the application. First, the affidavit of the movant must list the names, addresses and occupations of the nonparty witnesses who are expected to be called. Second, the movant must disclose the facts to which such witnesses will testify so that the court may determine whether the testimony of the proposed witnesses is necessary and material. Third, the movant must demonstrate the witnesses are actually willing to testify. Fourth, the movant must show that the witnesses would actually be inconvenienced in the absence of a change of venue (O'Brien v. Vassar Brothers Hospital, supra 207 A.D.2d at 172-173 and 175 [2nd Dept., 1995]).
In the instant motion, defendants have failed to provide the names, addresses and occupations of any of the prospective witnesses. O'Brien makes it clear that a party moving under CPLR '510 (3) must do more than assert the mere existential reality of police officers and medical professionals in the desired county. Defendants have also failed to disclose any facts to which the proposed witnesses will testify at the trial. Without the same, the court has no means to judge whether the proposed evidence of the witnesses is necessary and material. The materiality of witnesses' testimony must be shown (Romero v. Mitchelltown Apts., Inc., 281 A.D.2d 612 [2nd Dept. 2001]). Defendants contend that these yet unnamed police officers are indispensable non-party witnesses for the trial of this action. However, even where A[police] officers witnessed the condition of the roadway where the accident occurred, the condition of the plaintiff and the vehicle involved in the accident, it was found that the moving party had failed to indicate how the testimony of the police officers is relevant or material to the trial of the action (Moghazeh v. Valdes-Rodriguez, 151 A.D.2d 428, 429 [1st Dept. 1989]). Defendants' assertion that there are medical professionals in the desired county who can attest to plaintiffs' damages is equally inadequate to establish a change of venue under CPLR '510 (3). Indeed, the convenience of non-party witnesses whose testimony bears upon the issue of damages is subordinate to the convenience of non-party witnesses who will give testimony on the question of liability (Quiles v. Orsi, 182 A.D.2d 499, 500 [1st Dept. 1992]; See also, Moghazeh v. Rodriguez, 151 AD 2d at 429). O'Brien makes it clear that a party moving under CPLR '510 (3) must show more than a likelihood that presently unknown witnesses, if called, would have information necessary and material for a trial of the action. As defendants have not named any actual witnesses they have necessarily failed to show that any are willing to testify.
Finally, defendants have not shown how the proposed hypothetical witnesses, alleged to reside in Rockland County, would be inconvenienced in the event a change of venue is not granted. Plaintiffs, on the other hand, have properly asserted that Rockland and Kings Counties are within a commuter-distance to each other, and hence not facially inconvenient as defendants claim.
It is noted that defendants contended that the deadlines imposed by CPLR '510 prevented them from obtaining and annexing a police report of the accident to their motion. The only time limits imposed on a motion to change venue pursuant to CPLR '511 are those limited to the grounds of improper choice of venue or demands as of right. Such a motion must be made with the answer or before the answer is served. A motion based on any other ground must be made [*4]within a reasonable time after commencement of the action (Brevetti v. Roth, 114 A.D.2d 877 [2nd Dept. 1985]). In fact, where a defendant commenced a motion for a change of venue pursuant to CPLR '510 (3) upon a three-year delay, the court found that the delay itself was not solely determinative in denying the motion but rather that the defendant failed to adequately show that a non-party witness was sufficiently inconvenienced (Roberto v. M.C. and E.D. Beck, Inc., 254 A.D.2d 404 [2nd Dept. 1998]).
Therefore, Kings County Supreme Court is a proper place for the trial of this action and defendants did not provide the court with the information necessary to order a discretionary change of venue. Defendants' motion is denied without prejudice.
The court now turns to plaintiffs' request for an order granting $750.00 dollars in attorney fees and costs associated with opposing the motion. The claim is premised in part on a contention that defendants' motion is without merit in law. Inasmuch as the parties were given an opportunity to give oral argument on record, the court finds that defendants had due notice that the issue of sanctions would be considered (First National Bank v. Van Allen, 277 A.D.2d 859 [3rd Dept. 2000]).
Pursuant to the Rules of the Chief Administrator of the Courts as set forth in 22 NYCRR '130-1.1(a), the court may award to any party or attorney in a civil matter costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney fees, resulting from frivolous conduct. Frivolous conduct is defined in '130-1.1(c) and includes, in pertinent part, the appearance of an attorney in an action that is completely without merit in law undertaken to delay or prolong the resolution of litigation.
In order to impose sanctions, the court would have to find that defendants' motion was without legal merit and undertaken primarily to delay or prolong the litigation (Premier Capital v. Damon realty Corp., 299 A.D.2d 158 [1st Dept.2002]). A motion for change of venue based on convenience of material witnesses can not be decided upon moving papers that fail to adhere to O'Brien=s requirements. The defect in defendants= moving papers prevents the court from assessing the merits of the request. Certainly, the plaintiffs offered nothing to support a finding that defendants were seeking to delay or prolong the resolution of the case. Therefore, it would be improvident of the court to impose sanctions including costs and attorney=s fees at this time. Plaintiffs' cross-motion is therefore denied without prejudice.
Should defendants choose to cure the defect and resubmit their motion as set forth herein, plaintiffs may renew the request for sanctions and submit an affirmation or affidavit itemizing and detailing the cost and fees incurred opposing this deficient motion as well as the resubmitted motion (Ireland v. Geico Corp., 2 A.D.3d 917 [3rd Dept. 2003]).
The foregoing constitutes the decision and order of this court.
J.S.C.
[*5]
Decision Date: April 20, 2004