■ GREGG M. SIDOTI, Appellant, v MAYERSON & ASSOCIATES et al., Respondents. [884 NYS2d 459]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered July 2, 2008, as, in effect, upon renewal and reargument, adhered to so much of its prior order entered May 27, 2008, as denied his motion for leave to enter a default judgment against the defendants, and granted the defendants' renewed cross motion pursuant to CPLR 510 (3) for a change of venue from Westchester County to New York County.

Ordered that the order is modified, on the law, the facts, and in the exercise of discretion, by deleting the provision thereof granting the defendants' renewed cross motion for a change of venue from Westchester County to New York County and substituting therefor a provision denying the renewed cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Upon renewal and reargument, the Supreme Court did not improvidently exercise its discretion in adhering to its denial of the plaintiff's motion for a default judgment. The parties already had been engaged in contesting the merits of the plaintiff's claims in various forums, and upon being served with the summons with notice, the defendants immediately demanded a change of venue, although they inadvertently failed to formally appear. The defendants' delay in appearing was brief and adequately explained, the defendants demonstrated a meritorious defense, and the plaintiff was not prejudiced by the delay (see CPLR 3215 [f]; Lawrence v Palmer, 59 AD3d 394 [2009]).

The Supreme Court, however, improvidently exercised its discretion in granting the defendants' renewed cross motion to change venue from Westchester County to New York County. First, the motion was made only pursuant to CPLR 510 (3), but the court held that venue was improper in Westchester County, despite the residence of the plaintiff and the individual defendant in that County (see CPLR 503 [a]). Moreover, the defendants failed to demonstrate that "the convenience of material witnesses and the ends of justice [would] be promoted by the change" (CPLR 510 [3]; see Spicer v Adelson, 24 AD3d 430 [2005]; O'Brien v Vassar Bros. Hosp., 207 AD2d 169, 173 [1995]). We note that, in any event, the defendants no longer object to venue in Westchester County. Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.