The defendant Stop and Shop (hereinafter the moving defendant) failed to demonstrate that the venue of this action should be changed from Queens County to Nassau County. The moving defendant failed to substantiate its claim that, upon the discontinuance of this action against the defendant Hempstead Turnpike, LLC, none of the parties was a resident of Queens County, since it failed to submit any proof as to its own residence (see generally CPLR 503 [a], [c]; cf. Messiha v Staten Is. Univ. Hosp., 77 AD3d 894, 895 [2010]). Furthermore, the moving defendant failed to demonstrate that venue should be transferred to Nassau County based on the convenience of witnesses (see CPLR 510 [3]; O’Brien v Vassar Bros. Hosp., 207 AD2d 169 [1995]). Accordingly, the Supreme Court did not improvidently exercise its discretion in denying that branch of the moving defendant’s motion which was to change the venue to Nassau County. Eng, EJ., Skelos, Chambers and Sgroi, JJ., concur.