■ PETRA AURELIANO, Respondent, v HUNT-WESSON FOODS, INC., et al., Appellants, et al., Defendants

The plaintiffs, in their summons, designated Nassau County as the venue for the instant action on the ground that it was the "defendant's place of business".

The motion of the defendants Hunt-Wesson Foods, Inc. and Norton Simon, Inc. was one to change venue as a matter of right, on the ground that the county selected by the plaintiffs

for trial was not proper, i.e., that none of the defendants had their principal offices in Nassau County (see, CPLR 503 [c]; 510 [1]). To change venue as a matter of right, these defendants were obligated to serve a "demand * * * for change of place of trial" either before or with the service of their answer, pursuant to CPLR 511 (a). The movants failed to comply with this requirement. Although their motion for a change of venue could have been granted in the court's discretion (see, De Litta v Milde, 52 AD2d 548), under all of the circumstances herein, including the laches involved, Special Term did not abuse its discretion in denying the motion to change venue from Nassau County to Suffolk County. Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.