■ MITCHELL REDELICK, Respondent, v BARRY W. WILLIFORD et al., Appellants, and ELIZ CHAKRIAN et al., Defendants. [658 NYS2d 1024] —In an action to recover damages for personal injuries, the defendants Barry W. Williford and Veterans Transportation Co., Inc., appeal from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated September 30, 1996, as denied their motion to change the venue of the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

To change venue as a matter of right on the ground that the county designated was not proper (see, CPLR 510 [1]), a defendant is required to serve a demand for change of place of trial pursuant to CPLR 511 (a). The appellants failed to comply with this requirement. Although that branch of their motion could have been granted in the court's discretion (see, Aureliano v Hunt-Wesson Foods, 124 AD2d 691), under the circumstances here, the Supreme Court did not improvidently exercise its discretion in denying that branch of the motion.

In addition, the Supreme Court did not improvidently exercise its discretion in denying that branch of the appellants' motion which was to change venue based on the convenience of material witnesses (see, CPLR 510 [3]; O'Brien v Vassar Bros. Hosp., 207 AD2d 169). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.