■ STATE OF NEW YORK, Respondent, v FRANCES MONTELEONE, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered December 30, 1986 in

Albany County, which denied defendant's motion to change venue from Albany County to Genesee County.

During the period from February 2, 1984 to January 16, 1986, defendant received care at a hospital operated by an administrative agency of plaintiff. Defendant was and continues to be a resident of the City of Batavia, Genesee County. In May 1986, plaintiff commenced this action to recover the cost of the medical services provided to defendant. The action was commenced in Albany County. Along with her answer, defendant served a demand for a change of venue to Genesee County. Plaintiff opposed the demand for a venue change asserting that Albany County was a proper county for venue because the plaintiff had its principal office there. Defendant subsequently made a motion seeking the venue change. Supreme Court denied the motion and this appeal ensued.

The basis upon which defendant seeks to change venue is CPLR 503 (f), which provides that when the action arises out of a consumer credit transaction and defendant is a purchaser, borrower or debtor, then venue should be set in defendant's county of residence. A consumer credit transaction is defined as "a transaction wherein credit is extended to an individual and the money, property, or service which is the subject of the transaction is primarily for personal, family or household purposes" (CPLR 105 [f]). Defendant contends that since plaintiff does not require payment at the time the medical services are rendered, it is engaging in consumer credit transactions and thus is governed by the venue provisions of CPLR 503 (f).

We are unpersuaded by defendant's contention. It is true that these statutes should be liberally construed since they are intended to protect consumers from abuses by creditors (see, Executive Dept Mem, 1973 McKinney's Session Laws of NY, at 2171-2172; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 503.16). However, unlike the businesses whose abuses the statutes were aimed at curbing, plaintiff is not involved in the business of providing credit to its citizens (see, NY Const, art VII, § 8 [1]). Nor is plaintiff a profit-seeking entity. There is no indication in the legislative history that these statutes were meant to apply to plaintiff and the mere fact that the Legislature did not specifically exempt plaintiff from these statutes does not mandate the conclusion that they apply to it (see, Jewish Hosp. v Doe, 252 App Div 581, 583-587).

Finally, we note that this holding is a narrow one. We are not deciding the more general question of whether providing medical services can be considered a consumer credit transaction (compare Ratner v Drucker, 79 Misc 2d 216, 218-219, with

1974 Opns Atty Gen 180). We are merely holding that CPLR 503 (f) and 105 (f) were not intended by the Legislature to apply to plaintiff in those instances where it does not demand immediate payment for nonprofit services it provides for the general welfare of its citizens.

Order affirmed, without costs. Kane, J. P., Weiss, Yesawich, Jr., and Harvey, JJ., concur.