■ ORCHARD PARK LEASING, INC., Respondent, v LOUIS A. BALDANZA, JR., Defendant, and DANIEL DICATERINO, JR., et al., Appellants. [609 NYS2d 738] —Order and judgment unanimously reversed on the law without costs, motion denied and cross motion granted. Memorandum: Defendants Daniel DiCaterino, Jr., and Antoinette DiCaterino appeal from an order and judgment summarily awarding plaintiff damages, attorney's fees, interest and costs for their alleged failure to pay, upon

the expiration of the term of a lease, the unpaid portion of the buy-out price of a motor vehicle. Plaintiff initially leased the vehicle to Louis A. Baldanza, Jr., and Baldanza's obligations under the lease were assigned to Daniel DiCaterino, Jr. The assignment provided that Antoinette DiCaterino would register the vehicle in her name, but she did not assume any other obligation under the lease or assignment. Because Antoinette DiCaterino had no contractual duty to pay the buy-out price of the vehicle, Supreme Court erred in granting summary judgment against her.

Daniel DiCaterino, Jr., admits that a portion of the buy-out price remains unpaid. A factual issue exists, however, concerning the amount that remains unpaid, precluding an award of summary judgment to plaintiff.

Further, Supreme Court should have granted defendants' cross motion for a change of venue. The assignment of the lease to defendant Daniel DiCaterino, Jr., constituted a consumer credit transaction (see, CPLR 105 [f]). Where an action is based on a consumer credit transaction, the venue of that action must be placed in the county where defendants reside, in this instance, Montgomery County, or the county where the transaction occurred (see, CPLR 503 [f]; Siegel, NY Prac § 122 [2d ed]). The only relevant information submitted by the parties concerning where the transaction occurred is that the assignment was executed by defendants in Montgomery County. The record does not show where plaintiff executed the assignment or the circumstances of the transfer of possession of the vehicle from Baldanza, the original lessee, to Daniel DiCaterino, Jr. Thus, the transaction must be deemed to have occurred in Montgomery County. (Appeal from Order and Judgment of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.