OPINION OF THE COURT
Mary Ann Brigantti-Hughes, J.
The above-captioned cases, each of which is before the court upon unrelated applications by the same defendant (Allstate Insurance Company) for a change of venue pursuant to CCA 301 and CPLR 510 (3), seeking to transfer the actions from Bronx County to Kings County, have been consolidated sua sponte for the limited purpose of this decision. Each of the above applications request a change of venue under CCA 306. CCA 306 grants a defendant the right to change venue when the plaintiff commences the action in an improper venue. This court must determine whether an action brought by a medical services provider, as an assignor, against the insurance company, Allstate, seeking reimbursement for services rendered to its assignee, falls under CCA 301, which requires a suit against a consumer debtor to be placed for trial in the debtor’s county of residence.
Alternatively, each of the above applications seeks an order for a change of venue to Kings County pursuant to CPLR 510 (3), which grants a court the discretion to change venue for the convenience of the witnesses and in the interest of justice. The defendant submits affidavits, all of which are identical in language and form, differing only as to the name of the respective plaintiff-respondents. Thus, the second question this court must address is whether the identical factual allegations are sufficient to meet the requirements of CPLR 510 (3).
Background
Plaintiffs are the assignees of individuals who were injured in separate automobile accidents. The actions seek to recover for medical services rendered by the different plaintiffs to the *100 individual assignors, the assignees thereafter seeking reimbursement of such no-fault benefits from same insurance company, Allstate Insurance. Plaintiffs selected as their venue the residence of the defendant Allstate Insurance Company, pursuant to CPLR 305, which provides that a corporation’s place of residence for venue purposes shall be where it transacts business or has offices. Plaintiffs assert, through the same attorney, that defendant Allstate Insurance transacts business in Bronx County because it issues insurance policies to Bronx residents from agencies in that County.
Together with its answer, defendant Allstate Insurance served a demand for a change of venue. Soon thereafter, defendant moved for a change of venue claiming that each instant action is governed by CCA 301 because medical services is a consumer credit transaction. Alternatively, defendant seeks a change of venue on each instant action based on CPLR 510 (3), which provides a court the discretion to change the venue upon motion for the convenience of the witnesses and in the interest of justice. On each motion, defendant submits identical affirmations which state that, “[s]ince the Plaintiff and Plaintiff’s assignor, and the claim representative from [Allstate Insurance], all of whom are material witnesses, reside in Kings County” the venue should be changed to that County.
According to each of the plaintiffs, defendant has failed to meet its burden to change venue under either CCA 301 or CPLR 510 (3). First, each plaintiff argues that medical services does not fall within the definition of consumer credit transactions. Second, each plaintiff argues that the defendant has failed to present sufficient evidentiary proof to be entitled to change of venue as a matter of discretion.
Discussion of Motion Change of Venue Under CCA 301[1]
Defendant claims that plaintiffs’ selection of the venue of trial in Bronx County is rendered improper by CCA 301 (a), *101 which mandates that “[i]n an action arising out of a consumer credit transaction where [defendant is] a purchaser, borrower or debtor” venue shall be in the county where the debtor resides or where the transaction took place, in this case the same place, Kings County. (See also, CPLR 503 [f].) The “consumer credit transaction” is defined by the New York City Court Act as one “wherein credit is extended to an individual and the money, property, or service which is the subject of the transaction is primarily for personal, family or household purposes.” (CCA 2101 [g].) [2]
While this definition on its face appears broad enough to encompass the services in question, this court has serious doubts as to whether the rendition of medical services by a licensed physician constitutes a consumer credit transaction as defined by the CCA. (See, Ratner v Drucker, 79 Misc 2d 216 [Civ Ct 1974] [consumer credit transaction as defined by CCA 2101 (g) was not meant to apply to members of the medical profession who traditionally do not extend credit to patients as a business or medical practice]; cf., State of New York v Monteleone, 138 AD2d 821 [3d Dept 1988].)
Even assuming arguendo that providing a medical service could be considered a consumer credit transaction, this court disagrees with defendant’s broad interpretation of CCA 301, that the statute covers the situation here where a debtor through his/her assignor is involved in a consumer credit transaction lawsuit as a plaintiff. Instead, this court holds that CCA 301 was meant to apply only to an action arising from a consumer credit transaction involving a defendant debtor. Indeed, the plain language of CCA 301 makes clear that it applies only to lawsuits against a defendant who is “a purchaser, borrower or debtor”.
Moreover, a look at the legislative purpose of CCA 301 lends further support that it applies only to an action arising from a consumer credit transaction where the defendant is the “consumer debtor” as defined by the statute. In fact, the statute was enacted in response to widespread abuse in actions brought against “purchasers, borrowers or debtors” arising out of consumer credit transactions. (See, Governor’s Mem, 1973 NY Legis Ann, at 18.) Frequently, venue was placed in a county far removed from the defendant debtor’s residence, making it *102 cumbersome and expensive for such individuals to defend those actions or to contest venue. The result, more often than not, was a default that greatly added the additional expenses to the original debt. (Id.) To remedy the situation, CCA 301 was promulgated requiring the place of venue in a consumer credit transaction to be the residence of the defendant debtor or where the transaction took place, which is usually the same place.
Thus, the clear language of the statute and legislative intent make it abundantly clear that the statute was meant to apply only to an action arising from a consumer credit transaction where the “consumer-debtor” is brought into the action as a defendant. Since it is an undisputed fact that Allstate Insurance, which seeks the benefit of the venue provision in question is not a “borrower, debtor or purchaser,” defendant cannot rely on that section for the removal of the present action from Bronx County.
Accordingly, defendant has failed to sustain its burden under CCA 306 that plaintiff commenced the action in an improper county. On the contrary, each plaintiff has submitted uncontested evidence indicating that defendant transacts business and maintains offices in Bronx County, thereby establishing that Bronx County is a proper venue in accordance to CCA 305 (b).
Discussion of Motion to Change Venue Based on
CPLR 510 (3)
Defendant’s alternative recourse — seeking change of venue under CPLR 510 (3) — must also fail. While the CCA is generally the proper statutory provision for change of venue, such statute is silent as to the procedure to be followed when a party seeks a change of venue under the court’s discretionary power. This court, as other courts have done, finds that the applicable rule of procedure is to be found in CPLR 510 (3).
CPLR 510 (3) provides that “upon motion”, a court “may change the place of trial of an action where * * * the convenience of material witnesses and the ends of justice will be promoted by the change.” In the seminal case of O’Brien v Vassar Bros. Hosp. (207 AD2d 169 [2d Dept 1995]), the Court held that four criteria must be established by the movant to demonstrate entitlement to change of venue pursuant to CPLR 510 (3):
(1) The affidavit in support of a motion under CPLR 510 (3) must contain the names, addresses and occupations of the prospective witnesses.
*103 (2) A party seeking a change of venue for the convenience of witnesses is required to disclose the facts to which the proposed witnesses will testify at trial so that the court may judge whether the proposed evidence of the witnesses is necessary and material.
(3) The moving party must show that the witnesses for whose convenience change of venue is sought are in fact willing to testify.
(4) There must be a showing as to how the witnesses in question would in fact be inconvenienced in the event that a change of venue were not granted. (Supra.)
Here, as noted above, all of the defendant Allstate’s motions are supported only by identical attorney’s affirmations, none of which supplies a basis for a finding that the convenience of material witnesses and the interest of justice will be promoted by the change pursuant to CPLR 510 (3). None of the defendant’s motion papers supplied documents listing the names, addresses and occupations of the witnesses whose convenience it claims will be affected. Nor were there any documents submitted indicating that prospective witnesses have been contacted and are willing to testify on its behalf. Nor did it specify the substance of each witness’s testimony. Nor was there a showing made by movant defendant about what testimony is necessary and material (see, Stoyer v Feeney, 165 AD2d 946 [3d Dept 1990]; Andros v Roderick, 162 AD2d 813 [3d Dept 1990]).
Instead, defendant Allstate, in each motion, through the same attorney, supplied the same conclusory factual allegations that “[s]ince the Plaintiff and the Plaintiffs assignor, and the claim representative from [the insurance company], all of whom are material witnesses, reside in Kings County” the venue should be changed to that County. Notwithstanding, it is well established that the convenience of the parties in and of themselves or that of their employees, is not a factor to be considered in determining how discretion should be exercised. (See, e.g., Chimarios v Duhl, 152 AD2d 508 [2d Dept 1989]; Lawrence v Williams, 158 AD2d 369 [1st Dept 1990]; Stavredes v United States, 87 AD2d 502 [1st Dept 1982].)
In view of defendant Allstate’s failure to establish any circumstances persuasively militating in favor of a change of venue on each action, this court holds that defendant Allstate has not met its burden on each action to be entitled to a change of venue as a matter of discretion.
*104 Conclusion
For the foregoing reasons, defendant’s motions to change venue to Bangs County are denied. Plaintiffs must serve a copy of this decision upon the opposing party, Allstate Insurance.

. Defendant’s motions to change venue under CCA 306 appear to be untimely. This is not fatal, however, since defendant appears to have inadvertently adhered to the wrong procedure. A motion pursuant to CCA 306, seeking to change venue on the claim that plaintiff commenced the action in an improper venue, must be made “before or at joinder of issue”; and the same motion under the CPLR must be done by serving a demand, served with or before a service of the answer and the motion for such relief must be made “within fifteen days after the service of the demand”. (CPLR 511 [b].) Here, defendant complied with the requirements of the CPLR. This court agrees with the holding of Modem Thermographics Testing v MABSTOA Ins. Co. (141 Misc 2d 617, 618 [Civ Ct, Queens County 1988]), that, under such circumstances, it cannot be said that the party “ ‘waived any objection’ ” to *101 the venue of the trial in the improper county, i.e., when “it expressed its objections, timely, albeit by the wrong procedure”.

. This definition of consumer credit transaction has been added verbatim State-wide by CPLR 105 (f).