■ PAUL JACOBS, Appellant, v SMITH BOYS MARINE SALES, INC., Respondent. (Action No. 1.) SMITH BOYS OF ROCHESTER, INC., Respondent, v PAUL JACOBS, Appellant. (Action No. 2.) [804 NYS2d 842]—

Mercure, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered October 22, 2004 in Tompkins County, which, inter alia, granted the cross motion of Smith Boys Marine Sales, Inc. to dismiss the complaint in action No. 1.

Paul Jacobs, plaintiff in action No. 1 and defendant in action No. 2, purchased a new boat from Smith Boys of Rochester, Inc. pursuant to a written contract. He paid in full for the boat with cash and an allowance for the trade-in value of his old boat. Prior to Jacobs leaving the premises, Smith Boys of Rochester found a crack in the engine and signs of leaking in the trade-in boat, and agreed with Jacobs that he would be liable for any repairs relating to the engine problem. Subsequently, a dispute arose over the cost of the repairs among Jacobs, Smith Boys of Rochester and Smith Boys Marine Sales, Inc., a related but distinct corporate entity that provided Jacobs with a work order for the repairs in the amount of approximately $6,250.

Jacobs then commenced action No. 1 in Tompkins County against Smith Boys Marine, seeking a declaration that he owes no money to any "Smith Boys" entity, that the reasonable cost of the repairs does not exceed $800 and that a lien on the certificate of title of the new boat in favor of Smith Boys of Rochester is void. Smith Boys of Rochester commenced action No. 2 in Niagara County, seeking a money judgment for the cost of the

repairs, and Jacobs then moved to change the venue of that matter from Niagara County to Tompkins County. Supreme Court denied Jacobs' motion and granted Smith Boys Marine's cross motion dismissing action No. 1. Jacobs appeals.

We affirm. Jacobs, a resident of Tompkins County, asserts that Smith Boys of Rochester's selection of the venue in Niagara County is improper pursuant to CPLR 503 (f), which mandates that "[i]n an action arising out of a consumer credit transaction where a purchaser, borrower or debtor is a defendant, the place of trial shall be the residence of a defendant, if one resides within the state or the county where such transaction took place." A "consumer credit transaction" is "a transaction wherein credit is extended to an individual and the money, property, or service which is the subject of the transaction is primarily for personal, family or household purposes" (CPLR 105 [f]). Although CPLR 503 (f) and 105 (f) "should be liberally construed since they are intended to protect consumers from abuses by creditors" (*State of New York v Monteleone*, 138 AD2d 821, 822 [1988]), in our view, the transaction at issue was not a "consumer credit transaction."

As noted above, payment for the new boat was due in full at the time of purchase and Jacobs made that payment with cash and the trade-in value of his old boat. There is no indication in the record that Smith Boys of Rochester intended to permit Jacobs to incur further debt or defer payment. The fact that Smith Boys of Rochester permitted Jacobs time to complete the repairs and then took steps to protect its rights after Jacobs refused to do so did not serve to transform the cash-basis transaction at issue into a consumer credit transaction (*see Ratner v Drucker*, 79 Misc 2d 216, 218 [1974]; *see generally State of New York v Monteleone, supra* at 822; *Jack Mailman & Leonard Flug DDS, P.C. v Inniss*, 2003 NY Slip Op 51015[U], *2 [2003]; *Westco Closet Corp. v Friedman*, 2001 NY Slip Op 40098[U], *3 [2001]; *cf. Orchard Park Leasing v Baldanza*, 202 AD2d 962, 963 [1994]).

We similarly reject Jacobs' argument that Supreme Court abused its discretion in dismissing action No. 1, given that "other adequate remedies are available" (*Clarity Connect, Inc. v AT&T Corp.*, 15 AD3d 767, 767 [2005]; *see* CPLR 3001; *Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 148 [1983], *cert denied* 464 US 993 [1983]). Smith Boys of Rochester's action in Niagara County for a money judgment—in which Jacobs has answered and counterclaimed—will permit full resolution of the rights and obligations of the parties and any impleaded entities with respect to the transaction.

The parties' remaining arguments have been considered and found either to be lacking in merit or rendered academic by our decision.

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.