■■■ Danielle H. Huttenlocker, Appellant, v Kim R. White et al., Respondents. [748 NYS2d 115] —Appeal from an order of Supreme Court, Erie County (Mahoney, J.), entered December 21, 2001, which granted defendants' motion seeking a change in venue from Erie County to Wyoming County.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed in the exercise of discretion without costs and the motion is denied.

Memorandum: Plaintiff appeals from an order granting defendants' motion seeking a change in venue from Erie County to Wyoming County. Our standard of review on this appeal "is not whether * * * Supreme Court abused its discretion, but instead, whether such discretion was exercised in a provident manner" (*O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 172), and here we conclude that the court improvidently exercised its discretion in granting the motion. Defendants failed to meet their burden of establishing that the nonparty witnesses, law enforcement personnel employed by the County of Wyoming, "would in fact be inconvenienced in the event a change of venue were not granted" (*id.* at 173). Although defendants' attorney stated in his affidavit that each of those nonparty witnesses had advised him that it would be "more convenient" to testify in Wyoming County, defendants failed to establish that it would be inconvenient for them to travel for approximately one hour to Erie County to testify (*cf. Costello v Forbes*, 294 AD2d 856). Furthermore, plaintiff provided affidavits of three of those nonparty witnesses, each stating therein that he would not be inconvenienced by traveling to Erie County to testify. In reply, defendants provided an affidavit of the Sheriff of Wyoming County stating that the Sheriff's Department and the taxpayers would be inconvenienced if those nonparty witnesses were required to travel to Erie County to testify. That affidavit does not satisfy the requirement that defendants establish that the nonparty witnesses themselves would be inconvenienced (*see O'Brien,* 207 AD2d at 173; *cf. Costello,* 294 AD2d 856). Nor does the fact that the cause of action arose in Wyoming County or that plaintiff and defendant Kim R. White reside in Wyoming County compel a different result (*see O'Brien,* 207 AD2d at 173-174). Present—Green, J.P., Wisner, Scudder, Burns and Lawton, JJ.