# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**981**

**CA 13-00276**

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, AND VALENTINO, JJ.

---

ALBERT R. SUNICK, PLAINTIFF-RESPONDENT,

V                                             MEMORANDUM AND ORDER

JOHN M. WADSWORTH, DEFENDANT-APPELLANT.

---

BURGIO, KITA & CURVIN, BUFFALO (JAMES P. BURGIO OF COUNSEL), FOR
DEFENDANT-APPELLANT.

MAXWELL MURPHY, LLC, BUFFALO (ALAN D. VOOS OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Frederick
J. Marshall, J.), entered December 17, 2012.  The order denied the
motion of defendant to change the place of the trial from Erie County
to Chautauqua County.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  The parties were involved in an
automobile/motorcycle accident in Chautauqua County, and plaintiff
thereafter commenced this negligence action in Erie County.  Defendant
sought a change of venue from Erie County to Chautauqua County "upon
the grounds that the convenience of material witnesses and the ends of
justice will be promoted by the change."  Supreme Court denied the
motion, and we affirm.  The standard of review for a change of venue
is not whether the court abused its discretion but, rather, it is
"whether such discretion was exercised in a provident manner" (*O'Brien
v Vassar Bros. Hosp.*, 207 AD2d 169, 172).  Under the circumstances
presented here, we cannot conclude that the court improvidently
exercised its discretion in denying the motion to change venue.  In
our view, defendant failed to meet his burden of establishing that
nonparty witnesses would in fact be inconvenienced in absence of a
change of venue (*see Huttenlocker v White*, 298 AD2d 960, 960; *O'Brien*,
207 AD2d at 173).

Entered:  September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court