## (March 18, 1969)

■ CHARLES F. BRYAN et al., Respondents, v. MARCEL A. HAGEMANN, Appellant, et al., Defendant.— Order entered August 15, 1968 unanimously reversed on the law and the motion for a change of venue to Richmond County is granted, without costs or disbursements. This action to recover damages for breach of contract was commenced in the Supreme Court, Bronx County.

It is conceded that at the time the action was commenced none of the individual parties were residents of Bronx County. The corporate plaintiff was incorporated in Richmond County, New York on June 23, 1967. Defendants, after demand, moved pursuant to CPLR 510 and 511 for an order changing the place of trial from Bronx to Richmond County upon the ground that the county designated for the place of trial is not a proper county in that none of the parties reside in Bronx County and all defendants are residents of Richmond County. Special Term denied the motion, stating as its reason that at the time the action was commenced the corporate plaintiff was actively engaged in business in Bronx County and was no longer engaged in business in Richmond County. CPLR 503 states that venue is based on residence. Subdivision (c) of that section clearly states that a domestic corporation shall be deemed a resident of the county in which its principal office is located. Subdivision (10) of section 102 of the Business Corporation Law states that " Office of a corporation " means the office the location of which is stated in the certificate of incorporation of a domestic corporation. In *Hoffman* v. *Oxford Developments,* (9 A D 2d 937 [2d Dept., 1959]), the court held that the residence of a corporation for venue purposes is in the county in which is located the corporation's principal office as designated in the certificate of incorporation. Quoting 1 White, New York Corporations (12th ed.), § 140.1, p. 357, the decision reads: " The mere fact that the corporation had its office in a county other than that designated in its certificate of incorporation does not change its residence for the purpose of legal procedure." (See *Wegorzewski* v. *Macrose Lbr. & Trim Co.,* 28 A D 2d 713 [2d Dept., 1967] ; *General Precision* v. *Ametek,* 24 A D 2d 757 [2d Dept., 1965].) There is no merit to plaintiff's argument that by executing an assignment for the benefit of creditors and filing the same in Bronx County the corporate plaintiff should prevail in this application for a change of venue. The assignment was filed subsequent to the commencement of this action. Moreover, this matter was not urged in the court below as a ground for determining venue and therefore is not properly before this court. Concur — Eager, J. P., Capozzoli, Nunez and Steuer, JJ.