■ DAVIS AIRCRAFT PRODUCTS CO., INC., Respondent, v. BANKERS TRUST COMPANY, Appellant.— In an action to recover moneys charged against plaintiff's account maintained with the defendant bank, the appeal is from an order of the Supreme Court, Suffolk County, dated December 9, 1968, which denied defendant's motion to change the place of trial from Suffolk County to New York County and granted plaintiff's cross motion to retain the venue in Suffolk County for the convenience of witnesses and in the interests of justice. Order reversed, on the law and the facts, with $10 costs and disbursements; and defendant's motion granted and plaintiff's cross motion denied. Plaintiff and defendant are corporate parties whose principal places of business, as set forth in their respective certificates of incorporation, are in New York County. Plaintiff did not have a right to commence this action in Suffolk County even though it is physically located there. For venue purposes a corporation is a

resident of the county set forth in its certificate of incorporation as its principal place of business. Defendant thus had a right to have the venue of the action changed (CPLR 503, subd. [c], 510, 511; *Bryan* v. *Hagemann*, 31 A D 2d 905; *Wegorzewski* v. *Macrose Lbr. & Trim Co.*, 28 A D 2d 713; *General Precision* v. *Ametek, Inc.*, 24 A D 2d 757). Though a court may retain jurisdiction in an originally improper county for the convenience of witnesses (see 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 510.12), we feel that the discretion of the court was improperly exercised in this instance. Plaintiffs failed to submit an affidavit on the merits of its claim. The testimony of the witnesses, not in its employ, listed by plaintiffs, is not material to the issues presented. Rabin, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur.