■ Steven Kaplansky, Respondent, v Associated YM-YWHA's of Greater New York, Inc., Appellant.—In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Queens County (Bambrick, J.), dated March 3, 1988, which (1) denied its motion to change venue to New York County, and (2) granted the plaintiff's cross motion to "retain" venue.

Ordered that the order is reversed, with costs, the defendant's motion to change venue to New York County is granted, the plaintiff's cross motion is denied, and the Clerk of the Supreme Court, Queens County, is directed to forthwith deliver to the Clerk of the Supreme Court, New York County, all papers filed in the action and certified copies of all minutes and entries *(see,* CPLR 511 [d]).

The plaintiff improperly commenced this action in Queens County based on the allegation that the cause of action arose in that county. CPLR 503 (a) provides that "[e]xcept where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when [the action] was commenced". The complaint alleges that the plaintiff resides in Nassau County and that the defendant is a domestic corporation having its principal office in New York County *(see,* CPLR 503 [c]). In support of its motion to change venue, the defendant submitted its certificate of incorporation verifying the latter fact. Consequently, the plaintiff should have commenced this action in either Nassau County or New York

County *(see, Alverio v Delta Intl. Mach. Corp.,* 139 AD2d 419; *West v West,* 111 AD2d 632; *Burch v Phillips,* 88 AD2d 896; *Bryan v Hagemann,* 31 AD2d 905, 906), and the defendant's motion to change the venue to New York County should have been granted. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.