■ RITA SHAVAKNBEYN, Respondent, v STARRETT CITY, INC., et al., Defendants, and OTIS ELEVATOR Co., Appellant.—In an action to recover damages for personal injuries, the defendant Otis Elevator Company appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated January 12, 1988, which denied its motion to change venue from Kings County to Westchester County, and in effect, granted that branch of the plaintiff's cross motion which was to retain venue in Kings County.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant Otis Elevator Company is granted, that branch of the plaintiff's cross motion which was to retain venue in Kings County is denied without prejudice to a motion to change venue to Kings County, if the plaintiff be so advised, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Westchester County, all papers filed in the action and certified copies of all minutes and entries (CPLR 511 [d]).

The plaintiff commenced this action in the Supreme Court, Kings County, on the ground that Kings County was the place of the occurrence of her personal injuries which are the basis of her complaint. However, the CPLR provides that for this type of action, the venue is to be in the county where one of the parties resided when it was commenced (CPLR 503 [a]). Since neither the plaintiff nor any of the defendants resided in Kings County at the time of the commencement of the action, that county was not a proper county. Consequently, the defendant Otis Elevator Company was entitled to change the venue to Westchester County, where its principal place of business in

New York is located (see, CPLR 503 [c]; 510, 511; *Scott v Otis Elevator Co.,* 160 AD2d 519; *Davis Aircraft Prods. Co. v Bankers Trust Co.,* 32 AD2d 832, 833).

The plaintiff cross-moved, *inter alia,* to retain venue in Kings County on the discretionary ground that the convenience of material witnesses and the ends of justice would be so promoted (CPLR 510 [3]). But the affidavit by the plaintiff's counsel failed to provide any information concerning the convenience of material witnesses. It is well settled that in support of such an application, *inter alia,* "[t]he movant must supply the names, addresses and occupations of the witnesses whose convenience * * * will be affected; indicate that [the] prospective witnesses have been contacted and are willing to testify * * * and specify the substance of each witness's testimony, which must be necessary and material upon the trial of action" *(Jansen v Bernhang,* 149 AD2d 468, 469; *see, Alexandre v Pepsi-Cola Bottling Co.,* 150 AD2d 742, 743; *Greene v Hillcrest Gen. Hosp.,* 130 AD2d 621; *D'Argenio v Monroe Radiological Assocs.,* 124 AD2d 541, 542; *Williamsburg Steel Prods. Co. v Shevlin-Manning, Inc.,* 90 AD2d 550; *Radatron, Inc. v Z. Z. Auto Tel.,* 30 AD2d 760). Further, the mere fact that the plaintiff's hospital records relating to her alleged personal injuries are located in Kings County "demonstrates no real inconvenience since they could be mailed to the court" in Westchester County *(D'Argenio v Monroe Radiological Assocs., supra,* at 542; *see, Wecht v Glen Distribs. Co.,* 112 AD2d 891). Therefore, we find that the affidavit submitted in support of the cross motion was not sufficient to support an exercise of the court's discretion to retain venue in Kings County. The plaintiff, if she be so advised, may seek to change the venue to Kings County, upon the submission of proper affidavits, since "a motion to change venue may be made anytime before trial" *(Brevetti v Roth,* 114 AD2d 877, 878-879). Lawrence, J. P., Eiber, Rosenblatt and Miller, JJ., concur.