■ JERRY LEVENSTEIN, Respondent, v ELIZABETH A. PARKS et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Vaccaro, J.), dated September 6, 1988, which denied their motion to change the venue of the action from Kings County to Richmond County.

Ordered that the order is affirmed, with costs.

The automobile accident which gave rise to this lawsuit occurred in Richmond County on January 22, 1986, between a car driven by the plaintiff and a car driven by the defendant Elizabeth A. Parks and owned by the defendant Jiffy Auto Rental. Both Parks and Jiffy Auto Rental are residents of New Jersey. This action was commenced in Kings County based on the claimed residence of the plaintiff (the plaintiff now concedes he no longer lives in Kings County). Shortly

after issue was joined, the defendants moved pursuant to CPLR 510 (3) to change the venue of the action to Richmond County, based on the convenience of material witnesses and to promote the ends of justice.

Failing to show they had actually contacted witnesses allegedly residing in Richmond County, the movants relied chiefly on Richmond County as having been the place where the accident occurred, the place where the police investigated and the place where the plaintiff was hospitalized. The Supreme Court denied the motion, holding it was no undue hardship for witnesses to travel from Richmond County to Kings County.

The choice of venue initially resides with plaintiff (see, CPLR 503 [a]; 509). Whether to grant a motion pursuant to CPLR 510 (3) to change venue upon the ground that the convenience of material witnesses and the ends of justice will thereby be promoted rests within the sound discretion of the Supreme Court (see, Resnick v Karmax Camp Corp., 112 AD2d 206). On a motion made pursuant to CPLR 510 (3), the defendant is required to supply the names, addresses and occupations of the witnesses whose convenience will be affected, indicate they have been contacted, and specify the substance of each witness's testimony, which must be necessary and material upon the trial of the action (see, Jansen v Bernhang, 149 AD2d 468, 469; see also, Alexandre v Pepsi-Cola Bottling Co., 150 AD2d 742; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C510:3).

Here, the defendants' speculations that the convenience of Richmond County witnesses likely to testify required a change of venue were insufficient to support the motion (see, Jansen v Bernhang, supra; Alexandre v Pepsi-Cola Bottling Co., supra). Furthermore, the presence of police and hospital records in Richmond County demonstrated no real inconvenience since Richmond County is adjacent to Kings County (see, Shavaknbeyn v Starrett City, 161 AD2d 626). Thompson, J. P., Eiber, Rosenblatt and Miller, JJ., concur.