■ MICHAEL H. WEINSTEIN, an Infant, by His Mother and Natural Guardian, JUDY WEINSTEIN, et al., Respondents, v ABRAHAM AND STRAUSS, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Huttner, J.), entered September 12, 1989, which denied its motion to change the venue of the action from Kings County to Queens County.

Ordered that the order is reversed, on the law, with costs, the motion is granted and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the

Supreme Court, Queens County, all papers filed in the action and certified copies of all minutes and entries *(see,* CPLR 511 [d]).

The plaintiffs, residents of Queens County, commenced this action on March 21, 1989, in the Supreme Court, Kings County, against the defendant corporation for injuries allegedly sustained by the infant plaintiff in the defendant's Queens County store on January 3, 1987. The summons stated that the basis of venue was the defendant's "main office". However, "the sole legal residence of a corporation for venue purposes is the county designated in its certificate of incorporation" *(Papadakis v Command Bus Co.,* 91 AD2d 657, 658; *see, Saal v Claridge Hotel & Casino,* 152 AD2d 631, 632). The documents filed with the Secretary of State qualifying the defendant, a Delaware corporation, to do business in New York State designated New York County as its principal place of business in New York State. Therefore, since neither the plaintiffs nor the defendant resided in Kings County at the time of the commencement of the action, that county was not a proper county for venue *(see,* CPLR 503 [a], [c]; Business Corporation Law § 102 [10]; *Shavaknbeyn v Starrett City,* 161 AD2d 626; *Scott v Otis Elevator Co.,* 160 AD2d 519). Having commenced this action in an improper county in the first instance, the plaintiffs forfeited their right to select the venue *(see, Scott v Otis Elevator Co., supra; Kelson v Nedicks Stores,* 104 AD2d 315, 316; *Papadakis v Command Bus Co., supra,* at 658). Further, there is no merit to the claim by the plaintiffs that the defendant's motion was untimely *(see,* CPLR 511). Accordingly, the defendant's motion to change venue to Queens County should have been granted *(see,* CPLR 510 [3]). Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.