■ JUAN GARCIA, an Infant, by His Mother and Natural Guardian, MINERVA GARCIA, et al., Plaintiffs, v HOLLAND INDUSTRIES, INC., et al., Respondents, et al., Defendants. GEORGE R. WILSON, Appellant, v HOLLAND INDUSTRIES, INC., et al., Respondents, et al., Defendants.—Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered August 24, 1990, which, *inter alia,* granted that part of defendants' motion seeking a change of venue from Bronx to Sullivan County pursuant to CPLR 510 (3), unanimously reversed, to the extent appealed from, on the law, the facts and in the exercise of discretion, and the motion is denied, without costs.

These ten consolidated actions all arise from an accident in May, 1989, where a bus owned by defendant Holland Industries, Inc., carrying a large group of students, teachers and parent-chaperones engaged in a Bronx junior high school outing, veered off a rural highway in Sullivan County, struck a bridge abutment, and then landed in the stream below. The bus driver, a plaintiff in one of the original actions and a defendant in all the others, asserts his freedom from fault in that the proximate cause of the accident was sudden failure of the vehicle's brakes. He alone appeals the order changing venue to Sullivan County. Defendants Board of Education and City of New York appear to have abandoned on appeal their contention before the motion court that pursuant to CPLR 504

(3) the proper venue is New York County; they join with the moving defendants in opting for Sullivan County.

There are some 39 plaintiffs, many of them infants, all of whom (including the bus driver) are residents of Bronx County. Moreover, acts of negligence by defendants are alleged to have occurred in the Bronx and an adjoining county. Under these circumstances, defendants have failed to approach even the threshold of a demonstration that "the convenience of *material* witnesses and the ends of justice will be promoted by the change" of venue within the meaning of CPLR 510 (3) (emphasis added). Of four purported witnesses, only two are said to reside in Sullivan County, no address being furnished. None has apparently been interviewed, and the substance of their testimony, let alone their willingness to testify, is not stated. What is offered is simply hopeful speculation, which is insufficient as a matter of law for the relief sought *(Shavaknbeyn v Starrett City,* 161 AD2d 626; *Hojohn v Hamilton,* 78 AD2d 570). Concur—Carro, J. P., Wallach, Ross, Smith and Rubin, JJ.