■ DAVID S. CULHANE, Appellant, v EILEEN J. JENSEN, Respondent.

In this personal injury action arising from an automobile collision in Westchester County, the original venue was properly laid in New York County by reason of plaintiff's residence (CPLR 503 [a]). By moving to change venue to Westchester County under CPLR 510 (3), on the ground of "convenience of material witnesses", defendant was required to make the following showing: "The party moving for a change of venue under CPLR 510 (3) has the burden of proof and is required to supply the names, addresses and occupations of the witnesses whose convenience he claims will be affected, indicate that the prospective witnesses have been contacted and are willing to testify on his behalf and specify the substance of each witness's testimony, which must be necessary and material". *(Andros v Roderick,* 162 AD2d 813, 814; *see also, Levenstein v Parks,* 163 AD2d 367.)

Here defendant identified as potential witnesses the officer of the New Castle police department who investigated the scene after the accident, and a treating physician. None of the other enumerated criteria were met. Notably, defendant omitted to state that the purported witnesses had been contacted and what the substance and materiality of their testimony might be. Accordingly, it was error to grant the motion *(Firoozan v Key Food Supermarket,* 151 AD2d 334). Concur—Murphy, P. J., Carro, Wallach and Asch, JJ.