■ GARCIA JOHNSON et al., Appellants, v GREATER NEW YORK CONFERENCE OF SEVENTH DAY ADVENTIST CHURCH, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Gurahian, J.), dated June 12, 1990, which granted the defendant's motion to change the venue of the action from Bronx County to Westchester County and denied their cross motion to retain venue in Bronx County.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action in the Supreme Court, Bronx County, based upon an allegation that the subject accident "occurred in Bronx County". However, CPLR 503 (a) provides, as a general rule, that "the place of trial shall be in the county in which one of the parties resided when [the action] was commenced". The plaintiffs resided in Westchester County when this action was commenced, and the defendant corporation's principal office is located in Nassau County. Accordingly, the plaintiffs improperly selected Bronx County as the place of trial *(see, Weinstein v Abraham & Strauss,* 170 AD2d 670; *Kaplansky v Associated YM-YWHA's,* 154 AD2d 576; *Burch v Phillips,* 88 AD2d 896), and the defendant was entitled to change venue to Westchester County, where the plaintiffs resided at the commencement of the action *(see, Shavaknbeyn v Starrett City,* 161 AD2d 626).

Moreover, contrary to the plaintiffs' contention, the Supreme Court did not improvidently exercise its discretion in denying their cross motion to retain venue in Bronx County on the ground that the convenience of material witnesses and the ends of justice would be promoted *(see,* CPLR 510 [3]). On a motion made pursuant to CPLR 510 (3), " 'the movant must supply the names, addresses and occupations of the witnesses whose convenience * * * will be affected; indicate that [the] prospective witnesses have been contacted and are willing to testify * * * and specify the substance of each witness's testimony, which must be necessary and material upon the trial of the action' " *(Shavaknbeyn v Starrett City, supra,* at 627; *see also, Culhane v Jensen,* 179 AD2d 582; *Levenstein v Parks,* 163 AD2d 367). The affidavits submitted in support of the plaintiffs' cross motion to retain venue in Bronx County were insufficient to satisfy this burden, and the plaintiffs' cross motion was thus properly denied *(see, Weisemann v Davison,* 162 AD2d 448; *Greene v Hillcrest Gen. Hosp.,* 130 AD2d 621). Harwood, J. P., Eiber, Ritter and Copertino, JJ., concur.