ANA LOPEZ, Respondent, v K ANGLE K, INC., Doing Business as K & K SUPER BUFFET, et al., Appellants. [806 NYS2d 216]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated April 6, 2005, which denied their motion to change the venue of the action from Kings County to Queens County.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Queens County, all papers filed in the action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The plaintiff, a resident of Queens County, filed a summons and complaint in the Supreme Court, Kings County, to recover damages for injuries allegedly sustained as a result of a slip and fall on the public sidewalk located in front of the defendants' premises in Queens County. The summons stated that the basis for the designated venue of Kings County was the "[d]efendant's residence." The defendants first demanded and then moved for a change of venue to Queens County alleging that they did not reside in Kings County and that their principal place of business, 341-345 St. Nicholas Avenue, Ridgewood, was in Queens County (*see* CPLR 511 [b]; *Kaplan v Waldbaum's Inc.,* 208 AD2d 683 [1994]; *Shavaknbeyn v Starrett City,* 161 AD2d 626 [1990];

*Weinstein Enters. v Great Atl. & Pac. Tea Co.*, 112 AD2d 219 [1985]). The defendants satisfied their burden of establishing that their residence was in Queens County, and in the absence of any documentary evidence establishing that the defendants' residence was in Kings County, the defendants were entitled to a change of venue as of right (*see* CPLR 510 [1]; *Delia v Winter Bros.*, 183 AD2d 1006 [1992]). Accordingly, the defendants' motion should have been granted. Schmidt, J.P., S. Miller, Mastro, Spolzino and Lunn, JJ., concur.