Cartwright v Kennedy (2024 NY Slip Op 24190)

[*1]

Cartwright v Kennedy

2024 NY Slip Op 24190

Decided on July 5, 2024

Supreme Court, Dutchess County

Davis, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 5, 2024
Supreme Court, Dutchess County

Caroline Cartwright, MATTHEW NELSON, JOSEPH R. RHONE, JR. AND ALEXANDER PEASE, Petitioners-Objections,

against
Robert F. Kennedy, Jr., NICOLE SHANAHAN, DONNA L. HARRIS, DAWN M. D'ARCANGELO, ROSS W. ELAKMAN, ALAN S. GOMPERS, LISA B. JACQUES, KEVIN J. MADONNA, VICTORIA E. MADONNA, PHILIP J. MARESCO, JENSUH Y. MCCORMACK, JAVIER EDUARDO MERIZALDE, JENNIFER MEYERSON, KENNETH A. NOGA, MARY C. O'DONNELL, GINA M. KRAUSE, VALENTIN PARKS JR., NANCY V. PIERRO, TERESA E. POLSKY, VARIN D. SAWH, LAWRENCE P. SCHNAPF, CELESTE L. SHEAR, JEHANZEB SYED, EILEEN S. TEPPER, BRUCE T. THORNE, LITA L. THORNE, JOSHUA VOGEL, KRISTIN ANN MARIE WHITE, KELLY A. ZANETO AND SUSAN PETERS, Respondents-Candidates.

Index No. 2024-52389

Attorneys for Petitioners
Howard E. Colton, Esq.
Law Office of Howard Colton PLLC
Freeport, NY
John C. Quinn, Esq.
Kaplan Hecker & Fink LLP 
New York, NY
Attorney for Respondents (Candidates—Not Commissioners/BOE) 

Gary L. Donoyan, Esq.
Law Office of Gary L. Donoyan
Manhasset, NY
Attorney for Commissioners/BOEs
Kevin G. Murphy, Esq.
NYS Board of Elections
Albany, NY
Brian L. Quail, Esq.
New York State Board of Elections
Albany, NY
 
Thomas R. Davis, J.

Preliminary Statement
The instant motion to change venue presents the apparently-novel question: What is the appropriate venue in a challenge to an independent designating/nominating petition in an Election Law case where the candidates seek to run on a Statewide general election ballot for the positions of President and Vice President of the United States and the objectors/petitioners in the proceeding have alleged that the nominating petition is permeated with fraud?
The Election Law provides no clear answer [FN1]
nor does the CPLR.
After extensive review and consideration—and with acute awareness of the speed with which Election Law cases must be determined—this Court finds that venue is improper in Dutchess County and is proper in Albany County for the reasons which follow.
The following papers were read and considered in determining the motion:
NYSCEF document numbers 12, 17, 40-51, 56, 60 and all other NYSCEF documents referenced therein.
Relevant Factual and Procedural Background
This is a special proceeding pursuant to Election Law §§6-154 and 16-102 seeking to declare null, void, and invalid (etc.) the Independent Nominating Petition of Robert F. Kennedy, Jr. as candidate for President of the United States and Nicole Shanahan as candidate for Vice President of the United States [FN2]
on the "We the People" Independent Body party-line [FN3]
of the Statewide ballots in the November 2024 general election (hereinafter "the nominating petition"). [*2]This proceeding also seeks to direct the New York State Board of Elections not to place Mr. Kennedy and Ms. Shanahan on the official ballots for the general election to be held in November 2024, to declare the nominating petition a legal nullity and to reverse any contrary determination that may be made by the New York State Board of Elections.
This proceeding was commenced by the filing of a verified petition, supporting exhibits and proposed order to show cause on June 10, 2024. The order to show cause was signed on June 10, 2024 and directed the manner of service on all of the respondents.
The petition names Robert F. Kennedy, Jr., Nicole Shanahan and their alleged electors as the "respondents-candidates" (hereinafter "respondents-candidates"). It names "Henry T. Berger, Peter S. Kosinski, Essma Bagnuola and Anthony J. Casale, Commissioners constituting the New York State Board of Elections" (hereinafter "NYSBOE") as "respondents".
The petition alleges, inter alia, that the petitioners are all duly qualified voters in New York State who have filed timely, written objections with NYSBOE at its office in Albany with respect to the nominating petition. It is alleged that the written objections which form the basis for this proceeding include that the nominating petition is insufficient, ineffective, false, fraudulent and invalid for a litany of reasons. The bulk of those reasons pertain to problems with the signatures offered to support the nominating petition [FN4]
, including but not limited to, fraudulent signatures, lack of or improper notarization of signatures, fraudulent dates, fraud and deceit in collecting the signatures and much more. There is also an allegation that respondent-candidate Robert F. Kennedy, Jr. represented himself on the nominating petition as being a resident of New York State and that such representation is false and fraudulent because Mr. Kennedy is a resident of California. It is alleged that the New York address listed by Mr. Kennedy on the nominating petition as his residence is a residence belonging to his friend and that he has never resided there nor demonstrated an intent to reside there. This allegation is particularly important. It is alleged that Mr. Kennedy is in fact a resident of the State of California, and as Ms. Shanahan is a resident of California, if Mr. Kennedy is as well, the US Constitution would prohibit electors in that state from voting for both of them (U.S. Constitution, Article II, Section 1, Clause 3; and Twelfth Amendment).
On June 12, 2024, the respondents-candidates filed a written demand to change the place of trial from Dutchess County to Albany County. The basis for the asserted change is that Dutchess is an improper venue and Albany is the proper venue pursuant to CPLR §506(b) and 22 NYCRR §202.64(a).
In a court appearance held on June 14, 2024, the respondents-candidates' attorney stated their intention to make a motion to change venue to Albany County and that such motion would be submitted on or before June 18, 2024, which was the return date of the order to show cause on the underlying petition. Counsel for NYSBOE stated that NYSBOE took no position as to venue.
On June 17, 2024 at 8:03pm, counsel for the petitioners filed an affidavit in response to the demand to change venue pursuant to CPLR §511(b). The affidavit asserts, inter alia, that venue is proper in Dutchess pursuant to CPLR 503(a) because one of the petitioners resides in Dutchess County and because a substantial part of the events giving rise to petitioners' claims occurred in Dutchess County—to wit, the representation that Kennedy is a New York resident "affected" all New Yorkers, including residents of Dutchess County, and the signature-gathering process occurred all across New York State including Dutchess County. The Affidavit asserts that venue is also proper under CPLR 506(b) because material events occurred in Dutchess County, those being the same events as stated to support venue under CPLR 503(a).
The instant motion was submitted, by proposed order to show cause and supporting papers, on June 19, 2024. The order to show cause was signed on June 20, 2024.

 The Parties' Contentions
The motion asserts that because this is a special proceeding against, among others, NYSBOE, it is "a proceeding against a body or officer" under CPLR 506(b) and that venue must be placed in a county which meets one or more of the criteria specified in that statute. Further, the motion asserts that because this is a special proceeding pursuant to the Election Law, 22 NYCRR §202.64 requires that it be venued in the county in which it arose. The respondents-candidates argue that under both the statute and the court rule, Dutchess is an improper venue and Albany is the proper venue based on the following: 
• Albany County is the location where NYSBOE will make the "determination complained of" (CPLR §506(b))
• Albany County is where relevant proceedings of NYSBOE have or will take place. (CPLR §506(b))
• Albany County is where "the material events" took place or will take place (CPLR §506(b))
• Albany County is where NYSBOE's principal office is located (CPLR §506(b))
• The proceedings "arose" in Albany County, where the nominating petition was filed and where NYSBOE will make its determination (22 NYCRR §202.64)
The primary factual predicates cited by the respondents-candidates for the foregoing assertions are that "the principal underlying conduct at issue in the instant proceeding, is the validation of the nominating petition, which only Respondent NYSBOE can accomplish, and which Petitioners-Objectors seek to prevent" and that "the material events are the validation or threatened validation of the subject nominating petition by Respondent NYSBOE".
The respondents-candidates also argue that Albany County is centrally located and easily accessible, especially for six of the respondents-candidates who reside north or east of Albany, suggesting that Albany is a more convenient forum.
The petitioners argue that venue is proper under CPLR 503(a) because one of the petitioners-objectors resided in Dutchess County when the proceeding was commenced [FN5]
, and [*3]because substantial parts of the events or omissions giving rise to the petitioners' claims took place in Dutchess [FN6]
. The factual predicates cited by petitioners for these assertions are that petitioner, Joseph Rhone, resided in Dutchess County when the proceeding was commenced, and that:
"The Independent Nominating Petition's deliberate falsehood concerning Respondent-Candidate Robert F. Kennedy's residence—the primary ground on which Petitioners-Objectors seek to invalidate the Petition—affected all New York residents and eligible voters, including those that reside in County of Dutchess [and] . . . on information and belief, the signature collection efforts supporting the Nominating Petition to place Respondent-Candidate Kennedy on the Presidential Ballot likewise occurred across the State, including the? County of Dutchess." (NYSCEF Doc. No. 56, pg. 2, citing NYSCEF Doc. No. 17, ¶¶4-5.)
Petitioners further argue that Dutchess is also a convenient forum because it is more centrally located to the various other counties from which the parties and their counsel hail.
Petitioners also argue that even if CPLR 506(b) applies, Dutchess is still a proper venue because "the venue analysis under CPLR 506(b) turns on the same basic principles as CPLR 503(a)". They base this argument on the fact that CPLR 506(b) contains an option for venue in a proceeding against a body or officer to be "where the material events otherwise took place". They then assert that "material events took place in Dutchess County—the Nominating Petition was circulated and signed here, and this case concerns the contents of the Nominating Petition and the methods by which those signatures were gathered . . . .[[t]hese events affected all New York residents and eligible voters, including those that reside in the County of Dutchess".
Finally, petitioners argue that 22 NYCRR §202.64 is not a venue provision and is, therefore, inapplicable.
In reply, the respondents-candidates assert that the venue provisions of CPLR 503(a) do not apply because that statute explicitly only applies "[e]xcept where otherwise prescribed by law", and that because this is a special proceeding against a body or officer, other law applies—namely CPLR 506(b). CPLR 506(b) requires not that "material events" took place in the county in which venue is selected, but that "the material events" had to have occurred there, and there is no showing by the petitioners that "the material events" occurred in Dutchess. (They also assert that there is not even any showing that a "substantial part" of the events took place in Dutchess considering Dutchess's population in relation to the State as a whole.)
It seems that resolution of the parties' venue dispute turns on three issues: 1) Which venue provision(s) apply(ies); 2) If CPLR 506(b) applies, is the "where the material events otherwise took place" prong thereof separate and independently viable from the other prongs set forth in the statute; and 3) What are "the material events" for purposes of this motion?

Discussion
Burden of Proof, Generally
"In order to prevail on a motion pursuant to CPLR 510(1) to change venue, a defendant [*4]must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper (see CPLR 511[b]; *751Gonzalez v. Sun Moon Enters. Corp., 53 AD3d 526, 526, 861 N.Y.S.2d 401; see also Lopez v. K Angle K, Inc., 24 AD3d 422, 423, 806 N.Y.S.2d 216) . . . . Only if the defendant made such a showing would the plaintiff have been required to establish, in opposition, that the venue that he selected was proper (see Chehab v. Roitman, 120 AD3d 736, 992 N.Y.S.2d 74, 2014 WL 4211075 [decided herewith]; Buziashvili v. Ryan, 264 AD2d 797, 695 N.Y.S.2d 396)" (Deas v. Ahmed, 120 AD3d 750 [2d Dept 2014]).
In this Court's view, the fact that the defendant bears this initial burden of proof on a motion to change venue should be read in context of the general requirement that a plaintiff identify, in the first instance, the basis for its selection of venue (see, generally, CPLR §305(a)(requiring the summons in an action to specify the basis of venue designated)). While there is no explicit, equivalent requirement under CPLR Article 4 governing notices of petition in special proceedings, it is generally understood that one who commences an action or proceeding and selects the venue must provide at least a facial basis for the selection of their venue.
Conspicuously absent from the initiating pleadings in the matter is any specific mention of the basis of venue, or for that matter, the issue of venue at all. Allegations were made in the petition as to the residence address of each petitioner, thus raising the specter that venue was based on the residence of a party. However, no specific allegation in that regard was made.
As a result, the respondents-candidates (and this Court) were left to speculate as to the basis for petitioners' choice of venue until such time as an affidavit was filed by petitioners' counsel pursuant to CPLR 511(b) specifying why Dutchess County was a proper venue and/or why Albany County was not. That affidavit was not filed until after 8pm on the night before the respondents had been scheduled to submit their motion to change venue.
The Applicable Venue Provision(s)
CPLR Article 5 provides several options—and mandates—for the selection of venue. As relevant here, there are two sections which may apply: Sections 503(a) and 506(b). Section 503(a) prescribes that:
"Except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced; the county in which a substantial part of the events or omissions giving rise to the claim occurred; or, if none of the parties then resided in the state, in any county designated by the plaintiff. A party resident in more than one county shall be deemed a resident of each such county."
Section 506, pertaining to special proceedings, prescribes, in relevant part that:
"(a) Generally. Unless otherwise prescribed in subdivision (b) or in the law authorizing the proceeding, a special proceeding may be commenced in any county within the judicial district where the proceeding is triable.
(b) Proceeding against body or officer. A proceeding against a body or officer shall be commenced in any county within the judicial district where the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or where the proceedings were brought or taken in the course of which the matter sought to be restrained originated, or where the material events otherwise took [*5]place, or where the principal office of the respondent is located."
It is undisputed that this is a special proceeding pursuant to the Election Law. Therefore, CPLR §506 applies.[FN7]

There can be no genuine dispute that NYSBOE is a "body or officer" and that NYSBOE is, in fact, a respondent in this proceeding. As such, the general venue provisions under §503(a) must yield to §506(b).
There is also no question that the options for selection of venue under §506(b) are in the alternative. They are listed in sequence, separated by the disjunctive "or". Therefore, venue would be proper in a county where any one of the locations described therein applied, which includes "where the material events otherwise took place" (see, e.g., Brabham v. Weinstein, 89 AD2d 566 [2d Dept 1982]).
Respondents-Candidates Met Their Burden of Proof
Whether in response to the affidavit of petitioners' counsel or the petition itself, the respondents-candidates' motion ventured to address each possible basis on which the petitioners may have relied in selecting venue. 
Having now determined that CPLR 506(b) is the applicable venue provision and that the prong of that section permitting venue to be maintained "where the material events otherwise took place" is independent of the other possible bases for venue described therein, the Court must determine what "the material events" are for purposes of this motion.
Considering the contents of the petition, this Court finds that "the material events"—that is, the principal underlying events which have given (or will give) rise to NYSBOE's determination(s) with respect to the nominating petition and the claims herein (see, e.g., Riccelli Enterprises, Inc. v. State of New York Workers' Compensation Board, 2012 WL 1802558, 2012 NY Slip Op. 31250(U) [Supreme Court, New York County 212], cited by petitioners)—are the filing of the nominating petition with NYSBOE, the petitioners' actions of filing objections to the nominating petition pursuant to the Election Law, and NYSBOE's actions taken with respect to the objections filed. The first two principal actions—the filing of the nominating petition and the filing of petitioners' written objections thereto—not only initiated and necessitated NYSBOE's review of the objections and of the myriad alleged deficiencies with the voter signatures contained within the nominating petition, they are, ostensibly, what the petitioners rely on to give them standing to pursue this proceeding [FN8]
. 
This proceeding is expressly based on Election Law §§6-154 and 16-102. Section 6-154 allows, among others, "any voter registered to vote for such public office" to file "written objections to any certificate of designation or nomination or to a nominating or designating [*6]petition or a petition for opportunity to ballot for public office or to a certificate of acceptance, a certificate of authorization, a certificate of declination or a certificate of substitution relating thereto". Section 16-102 provides, inter alia, that any person who has filed written objections to a nominating petition may institute a proceeding in supreme court to contest the nominating petition.
The factual allegations in the petition include the actions of the candidates in filing the nominating petition with NYSBOE, the actions of the petitioners in filing objections to that nominating petition with NYSBOE, and the anticipated actions of NYSBOE in reviewing and ruling on that nominating petition. The very relief requested in the petition is to enjoin NYSBOE from validating the nominating petition (or, if such validation occurs prior to a resolution of this proceeding, then to nullify that validation) and to direct NYSBOE not to place the candidates' name on the ballot for the general election on November 5, 2024. The relief requested also includes directives to NYSBOE to produce certain records pertaining to the submission of the nominating petition. Indisputably, all of these events took place, or will take place, in Albany County.
Moreover, it is undisputed that at this very time, NYSBOE is undertaking the process to review the signatures supporting the nominating petition and will eventually issue a determination with respect thereto. That determination may reject the nominating petition or may accept it as valid. That very decision will issue from NYSBOE in Albany based on a process carried out in Albany. This would seem to put this case into the legion of those cited by the Court in Riccelli, supra., where venue was properly laid in Albany County.
Therefore, "the material events" are the combination of the following: the act of the candidates in filing the nominating petition; the acts of the petitioners in filing objections to that nominating petition; NYSBOE's acts in reviewing the nominating petition; and whatever decision(s) NYSBOE has or will issue in relation thereto. Without those events, there would be no purpose or need for the instant proceeding. Moreover, without those events, the alleged fraud to have taken place by the respondents-candidates would be entirely irrelevant and without effect. "The material events" as afore-described are what gave consequence to the alleged fraud. They are what form the basis for the petitioners' claims in this proceeding. Therefore, it is those events which constitute "the material events".
As such, the respondent-candidates' argument that none of the "the material events" took place in Dutchess County but, rather, in Albany County, is facially valid.
On that basis, the respondents-candidates met their initial burden of proof to establish that under CPLR 506(b), Dutchess County is not a proper venue, but Albany County is.
Petitioners Did Not Demonstrate That Dutchess County is a Proper Venue
As noted above, where a defendant/movant on a motion to change venue has met its burden of proving that the venue selected by the plaintiff is improper and that the movant's proffered county is proper, the burden shifts to the plaintiff to demonstrate that its selected venue is proper. The petitioners do not meet their burden.
The petitioners argue that Dutchess is a proper venue because 1) the [alleged fraudulent] representation that Robert F. Kennedy, Jr. is a New York State resident "affected" voters all over New York State, including those that reside in Dutchess County and 2) the signature collection efforts supporting the nominating petition to place Robert F. Kennedy, Jr. on the Presidential [*7]ballot likewise occurred across the State including Dutchess County. Notably, and as argued by the respondents-candidates, the petitioners do not argue that the aforesaid circumstances constitute "the material events", but "material events". In this regard, the petitioners appear to equate the standard under CPLR §503(a)—"the county in which a substantial part of the events . . . occurred"—with that standard under §506(b)—"where the material events otherwise took place". This is apparent from petitioners' argument that the analysis under the two statutes "turn on the same basic principles". 
Were this true, there would be no point to the Legislature using different language with respect to the "events" which support venue selection under §503(a) and those which support venue selection under §506(b). Under the former, it is where "a substantial part of the events . . . occurred" [emphasis added]. Under the latter, it is where "the material events otherwise occurred". There is, to be sure, a distinction between these two phrases. For the reasons discussed above, the Court finds that neither of the fraudulent acts alleged to have been undertaken by the respondents-candidates constitute "the material events" at issue here. Therefore, they can not serve as the basis for venue under CPLR 506(b).
Secondarily, the petitioners have offered no proof that either of their factual assertions underlying their proffered basis for venue in Dutchess County has any merit. There is, in the first instance, virtually no way to assess the accuracy of the former alleged fact (the "affect" of Kennedy's alleged residence in New York on Dutchess voters). As to the latter (signature-gathering in Dutchess), it is based solely on petitioners' counsel's "information and belief", but he offers no statement as to what facts informed his belief. If his belief was informed by his review of the volumes of signature pages submitted with the nominating petition to NYSBOE, he does not say so. Moreover, no pages from the nominating petition with any Dutchess County resident's signature are offered to support his contention, nor is there any specific reference made by counsel to any of the volumes contained within the nominating petition which include a signature from a Dutchess County resident. 
In fact, to-date, the Court does not have before it any sworn pleading actually alleging that any Dutchess County residents signed the nominating petition. The petition does not allege as much [FN9]
and the affidavit of petitioners' counsel is not a sworn pleading, nor, as discussed above, does counsel state the basis of his beliefs.
For each of these reasons, the petitioners have failed to demonstrate the Dutchess County is a proper venue.
22 NYCRR §202.64
The respondents-candidates also cite 22 NYCRR §202.64(a) as a basis for why venue is improper in Dutchess County and proper in Albany County. That court rule reads:
"Election Law proceedings
(a) All applications to the Supreme Court, or to a judge thereof, pursuant to the Election Law, shall be made at the special part designated for such proceedings, and where there is no special part, before the judge to whom the proceeding is assigned. As far as practicable, the application shall be brought in the county in which it arose."
Respondents-candidates assert that the language mandating that the application in an Election Law proceeding shall be brought in "the county in which it arose" must, necessarily, be one county and the only county to which the instant proceeding could apply is Albany County where the dispute is over an elective office on a statewide ballot.
Petitioners argue that no court has cited 22 NYCRR §202.64 as a basis to change venue. They further argue that §202.64 is not a venue provision because it does not define where an action arises and that, "[t]hat is left to venue statutes, like CPLR 506(b)."
First, the petitioners' argument is dubious because not even the venue statutes define what is meant by "where an action arises". Clearly, that question is fact-driven.
Second, by its plain language, 22 NYCRR §202.64 does appear to fill a gap in the venue provisions, in general, and in the lack of same in the Election Law, in particular. 
Third, the language at issue—"the application shall be brought in the county in which it arose"—is strikingly similar to the language in some prior Election Law cases in which the courts noted that Election Law proceedings should be venued in the action "in which the controversy arose" (see, e.g., Lucchese v. Rotella, 60 NY2d 815 [1983]; Grover v. Simon, 232 NYS2d 920 [Sup. Ct. Special Term, Suffolk County 1962]).
Here, the Court finds that the controversy "arose" in Albany County because there was no controversy until such time as the nominating petition—and the objections to it—were filed with NYSBOE, a State board (see, e.g., Grover v. Simon, supra. ("The [nominating] petitions were filed in Albany at the office of the Secretary of State. Any controversy with respect to their validity would necessarily 'arise' there, not in Nassau County or Suffolk County.")).
Therefore, whether pursuant to the venue statutes or 22 NYCRR §202.64, venue is improper in Dutchess County and proper in Albany County.
For the foregoing reasons, it is hereby
ORDERED that the respondents-candidates' motion to change venue from Dutchess County to Albany County (motion #3) based on Dutchess being an improper county for venue and Albany being the proper county is GRANTED; and it is further
ORDERED that this action be transferred to the Supreme Court of Albany County for all further proceedings and disposition; and it is further
ORDERED that the Dutchess County Clerk is directed to forthwith make an entry on the docket of this matter that this proceeding has been transferred to the Supreme Court of Albany County for all further proceedings and disposition, and to take any and all other steps necessary to effectuate the transfer of this proceeding to the Supreme Court of Albany County with all due speed; and it is further
ORDERED that the petitioners shall, forthwith, file a notice to the Dutchess County Clerk in conformance with CPLR §8019(c) by the end of the next business day after entry of this order; and it is further
ORDERED that the petitioners shall, forthwith, file a Request for Judicial Intervention ("RJI") in the Supreme Court Albany County and indicate in the "Nature of Judicial Intervention" on the RJI, "Other" and specify that the request is for an assignment of a judge.
Dated: July 5, 2024
Poughkeepsie, NY
ENTER:
Hon. Thomas R. Davis, J.S.C.

Footnotes

Footnote 1:The Election Law does not contain any venue provision except in instances where a provision of the statute is being challenged on Constitutional grounds (Election Law §16-101). That is not the situation here.

Footnote 2:And their respective electors.

Footnote 3:This party was apparently created by the nominees for the purpose of being able to run as "third-party" candidates.

Footnote 4:Pursuant to Election Law §6-142(1), in order for a designating/nominating petition for an independent nominee to be valid, it must, inter alia, be, "signed by at least forty-five thousand voters, or one percent of the total number of votes, excluding blank and void ballots, cast for the office of governor at the last gubernatorial election, whichever is less, of whom at least five hundred, or one percent of enrolled voters, whichever is less, shall reside in each of one-half of the congressional districts of the State."

Footnote 5:Citing the general venue provision found at CPLR 503(a), "the county in which one of the parties resided when it was commenced".

Footnote 6:Citing CPLR 503(a), "the county in which a substantial part of the events or omissions giving rise to the claim occurred".

Footnote 7:Dutchess County is in New York's Ninth Judicial District. Albany is in the Third.

Footnote 8:By making this observation, this Court is not making a ruling on the petitioners' standing in this proceeding. It is merely noting that, for venue purposes, without having filed objections, the petitioners would not facially fall within the class of those people permitted to bring the instant proceeding (see Election Law §§6-154(2) and 16-102(1)).

Footnote 9:The petition alleges numerous instances of signature-gathering, and the concomitant irregularities, in New York City, but none in Dutchess County. It is conceivable that no signature-gathering efforts were even made in Dutchess County given the requirements under Election Law §6-142 that, "at least five hundred, or one percent of enrolled voters, whichever is less, shall reside in each of one-half of the congressional districts of the State", not "all" of the congressional districts.